[No. 10,386.]

## THE PEOPLE *v.* A. J. PALMER.

INDICTMENT FOR MAKING FALSE ENTRY IN CORPORATE BOOKS. — An indictment under sec. 563 of the Penal Code against the agent of a corporation, for having made a false entry in the corporate books, should specify the particular entry complained of, and should at least state the substance of it, according to its legal effect. An averment that the defendant made a false entry in the books, "by which false entry it appears that the cash on hand at the commencement of business on that day" was a specified sum, is insufficient.

APPEAL from the District Court of Sacramento County.

The defendant was tried for the offense stated in the opinion, and having been acquitted, the People appealed. The other facts are stated in the opinion.

*Attorney-General Hamilton*, for Appellant.

*Haymond & Allen*, and *C. T. Jones*, for Respondent.

By the COURT:

The defendant was indicted under sec. 563 of the Penal Code for having made a false entry in the books of a banking corpo-

ration for which he was agent, by which false entry it appears that the cash on hand at the commencement of business on that day, (August 4th, 1876) in the deposit teller department of said corporation, was thirty-seven thousand five hundred and thirty-eight dollars and seventeen cents; that said entry was false, and was made by the said A. J. Palmer with intent to defraud said corporation. This is the only description of the offense contained in the indictment. The particular entry complained of is not set out in words, nor is it stated according to its legal effect. The averment is, in substance, that on a specified day the defendant made some entry in the books, from which it " appears " that at the commencement of business on that day the cash on hand amounted to a specified sum. But he may have made a hundred entries on that day, and he is not informed by the indictment what particular entry is relied upon as false and fraudulent. Under such an indictment the prosecution would be at liberty to produce any entry made by the defendant which tended to show the amount of money on hand at the commencement of business on that day; and until the proof was offered the defendant would be ignorant of the particular entry relied upon. An indictment so general in its averments is not in compliance with sec. 950 of the Penal Code, which requires the indictment to contain " a statement of the acts constituting the offense "; nor with sec. 952, which requires it to be direct and certain as to " the particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

Judgment affirmed.