## THE UNITED STATES OF AMERICA *v.* GOGGIN.

*(Circuit Court, E. D. Wisconsin.* January 5, 1880.)

INDICTMENT—FRAUD, HOW ALLEGED.—An indictment charging fraud should aver the fraud with sufficient particularity to enable the defendant to prepare his defence, and plead the judgment as a bar to a subsequent prosecution.

*G. W. Hazelton,* **U. S. Dist. Att'y, for the United States.**
*Jenkins, Elliott & Winkler,* for defendant.

DYER, J. This is an indictment for presenting for payment to the pension agent in Milwaukee a false and fraudulent claim for pension moneys. The defendant was tried and convicted at the last term of the court, and the case is again up for consideration upon a motion in arrest of judgment.

It is not without reluctance that I have come to the conclusion with reference to the disposition of the motion which I am constrained to announce, since the evidence adduced on the trial tended strongly to show the perpetration of a gross fraud upon the government; but it is the duty of the court to administer the law according to its best understanding, regardless of consequences.

The defendant was indicted under section 5438, Revised Statutes, which provides that every person who presents for payment to or by any person or officer in the civil service of the United States any claim upon or against the government, or any department thereof, knowing such claim to be false, fictitious or fraudulent, shall be punished as the statute directs. The offence may in one view be regarded as a felony, and in another view as a misdemeanor, since the statute declares with reference to the punishment that the person offending shall be imprisoned at hard labor for not less than one nor more than five years, or fined not less than $1,000 nor more than $5,000.

The indictment contains three counts, but as they are equivalent in form reference to one will be sufficient. The first count charges that on the fourth day of December, 1877, the defendant did present and cause to be presented for pay-

ment to and by a person in the civil service of the United States, to-wit, Edward Ferguson, a pension agent of the United States, at the city of Milwaukee, a claim against the government of the United States, to-wit, a claim for the sum of $24, then and there claimed and represented by the defendant to be due to him from the said government of the United States as a pensioner, *under and by virtue of a certain instrument known as a pension certificate,* which said pension certificate had been theretofore procured and obtained by the said Richard Goggin upon false and fraudulent proofs, and without the authority of law, and in fraud of the law governing pensions and pension certificates; he, the said Richard Goggin, well knowing, at the time and place of making said claim, and of presenting the same for payment, that it was then and there false, fictitious and fraudulent. Objection is made to the indictment as not stating any offence, the argument being that no offence is described with such certainty as the law of criminal pleading requires. The reply of the learned district attorney is that it states the offence substantially in the language of the statute, and that this is sufficient. It will be observed that the gist of the offence, as we find it defined in the statutes, is the presentation for payment of a *false and fraudulent claim.*

The indictment alleges no facts which constitute the fraud; it is not shown how the fraud was perpetrated, nor wherein the claim was false, except that the defendant presented a claim which he represented to be due to him by virtue of a pension certificate, which had been theretofore procured upon false and fraudulent proofs, and by unlawful and fraudulent devices, and without authority of law. What the false and fraudulent proofs, and unlawful and fraudulent devices were, is not stated. The question is, are these allegations sufficiently certain, and do they contain statements of fact which will support a conviction? My impression, upon the argument, was that the objection urged by counsel for defendant was one which went rather to the form than to the substance of the indictment, and that, as he had not moved to quash, his objection was not good in arrest of judgment; but the rule

is that any objection to an indictment which would be good upon demurrer, is fatal on motion in arrest, and this being so, the objection to the indictment, if well grounded in law, may be as well taken at the present stage of the proceedings as by motion to quash. In the case of the *U. S.* v. *Watkins,* 3 Cranch, Cir. Ct. Rep. 441, the court had occasion to state the rule with reference to certainty in alleging frauds in a case of false pretences, and it was there held that an indictment charging fraud should aver the means by which the fraud was effected; that fraud is an inference of law from certain facts, and the indictment must aver all the facts which constituted the fraud; that whether an act has been fraudulently done is a question of law, so far as the moral character of the act is involved. To aver that an act was fraudulently done is, therefore, to aver a matter of law and not a matter of fact. (See pages 456, 457, 458 and 459.) It is true that this was a case of false pretences, and there may be a well grounded distinction, as urged by the learned counsel for the United Utates, between such a case and the case in hand; because, in a case of false pretences, it is undoubtedly essential that the facts and circumstances should be alleged with such certainty that the court may see upon the face of the pleading that the pretences were false, and that they were of such character, and were made under such circumstances, as constitute false pretences within the meaning of the criminal law; that they were relied upon, acted upon, and that the party defrauded had a right to rely upon them; and herein, and perhaps in some other respects, such a case is distinguishable from the precise question which we have in the case at bar. But it is undoubtedly a sound principle that an indictment charging fraud of any sort ought to aver, with requisite particularity, wherein the fraud consisted, and the means by which it was effected, and I have been unable to find any case which dispenses with the application of this rule. It is true that many of the niceties and technicalities with reference *to form* in criminal pleading which once existed are not allowed now to prevail, but I do not understand that there has been any relaxation of the rule with reference to certainty and clear-

ness as to the matter charged. It is also a general rule that in an indictment for an offence created by statute it is sufficient to describe the offence in the words of the statute.

In the case of the *U. S.* v. *Simmons,* 96 U. S. 360, the supreme court had occasion to point out the precise scope and limitations of this rule, and after stating the rule Justice Harlan says, in the opinion: "But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offence." And here, I think, we strike the fatal point in this indictment; for, after as careful and serious consideration as a case of this nature requires, I am unable to see how defendant could plead his present conviction under this indictment, and a judgment thereon, in bar of a second prosecution for the same offence. It is alleged, only, that he presented to the pension agent a claim for pension moneys under a pension certificate which was procured by false and fraudulent proofs, and unlawful and fraudulent devices. The fraud should have been, by apt allegation, more particularly identified; it should have been alleged what the proofs and devices were, and wherein they were fraudulent; and it is, in my judgment, immaterial when the proofs were made, or devices resorted to—whether at the time of presenting the claim, or at a time anterior—and when made, as the basis for obtaining the pension certificate. If the fradulent devices had consisted of an act done when payment was demanded, it would, I think, be clear that the nature of the devices, or particular fraud practiced at the time, should be alleged, and, if this is so, it seems also essential that they should be alleged, though they were, in fact, practiced at and before the time of obtaining the pension certificate. The offence, it is true, was one committed, not in 1867, but in 1877 and in 1878—that is, a claim was presented for payment at those times—but, going back to the origin of the alleged fraud, I do not understand why it is not

as necessary to allege wherein the fraud consisted at its inception, and when made the basis for obtaining the pension certificate, as it would be, if it consisted of some device practiced at the very time the claim was presented for payment. It was necessary to show the alleged fraud and the acts which constituted it, on the trial, and it was, therefore, necessary that it should be alleged, at least with sufficient particularity to enable the defendant to plead any judgment which might follow, as a bar to a subsequent prosecution for the same offence. The allegation is that a claim was presented by the defendant, as a pensioner, *under and by virtue of a certain instrument known as a pension certificate*; but this certificate is not described so that it can be identified; and I think it should have been so described as to make it capable of identification—as by date, the names of the persons who purported to sign it, and the like—so as to satisfy the requirements of the rule as laid down by the supreme court in *U. S.* v. *Simmons.* If we adopt as authoritative, upon the question under consideration, the case of the *U. S.* v. *Bettilne,* 15 Inter. Rev. Rec. 32, which is a case somewhat in opposition to *U. S.* v. *Ballard,* 13 Inter. Rev. Rec. 195, it is very clear that we should have to hold this indictment insufficient; and I incline to the opinion that the correct rule is stated in the former case.

It was stated upon the argument that what is alleged in the indictment in regard to fraud in obtaining the pension certificate relates to the *evidence* of the offence, and not the offence itself; but it is not the presentation of the claim for payment which makes the offence, it is the presentation for payment of *a false or fraudulent claim,* and as no fraud can be committed but by deceitful practices, the particular deceitful practices by which the fraud is alleged to have been committed, or which make the claim fraudulent, should be to such extent set forth as to make the fraud appear upon the face of the indictment. This may be, to a certain extent, alleging the evidence of the offence, but it is rather the statement of essential facts which constitute the fraud, and therefore make the presentation for payment of the claim a criminal offence.

The point is one that cannot be made clearer by elaboration. I rest my judgment upon the fact that the allegations of the pleading are not sufficient, within the rule stated by the supreme court, to apprise the defendant with that certainty which the law requires of the nature of the accusation against him, to the end that he may prepare his defence, *and plead the judgment as a bar to any subsequent prosecution for the same offence.*

Judgment must be arrested.