[Crim. No. 1164. Department One.—October 7, 1904.]

## THE PEOPLE, Appellant, v. ALBERT B. MAHONY, Respondent.

CRIMINAL LAW—FRAUDULENT CLAIM AGAINST COUNTY—INSUFFICIENT INDICTMENT.—An indictment for the presentation of a false and fraudulent claim against the county, under section 72 of the Penal Code, which does not set forth the particular acts and facts which make the claim fraudulent, and does not allege wherein it is false, is insufficient, in not conforming substantially to the requirements of sections 950, 951, and 952 of the Penal Code. The allegation that the claim is fraudulent is of a mere conclusion of law, and presents no issuable fact.

ID.—CASE OVERRULED.—The case of *People* v. *Carolan,* 71 Cal. 195, overruled as to the sufficiency of an indictment under section 72 of the Penal Code, which merely follows the language of that section.

APPEAL from an order of the Superior Court of the City and County of San Francisco sustaining a demurrer to an indictment. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, E. B. Power, Deputy Attorney-General, and Lewis F. Byington, District Attorney, for Appellant.

George D. Collins, *Amicus Curiæ,* for Respondent.

ANGELLOTTI, J.—This is an appeal by the people from a judgment in favor of defendant, sustaining and allowing his demurrer to an indictment found and presented against him by the grand jury of the city and county of San Francisco, the grounds of demurrer specified, in addition to want of facts to constitute a public offense, being that the indictment did not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code.

The superior court, apparently being of the opinion that the objection on which the demurrer was allowed might be avoided in a new indictment, directed that the case be submitted again "to the grand jury now in session," but the attorney

for the people preferred to stand upon the indictment already presented, and took this appeal.

The indictment was based upon the provisions of section 72 of the Penal Code, and alleged that the defendant did, "with intent to defraud the city and county of San Francisco," present for allowance to the auditor of said city and county "a certain false and fraudulent claim, bill, account, and writing, in the words and figures following, to wit:—

"Co. Clerk F. No. 170.

        "Legal Department.   County Clerk's Assistants.
"Auditor's No.               Treasurer's No.               $100.00
                        "SAN FRANCISCO, Oct. 31, 1903.

"A. Davidson presents this demand on the treasury for the sum of one hundred dollars, being for his salary as copyist for the month of Oct., 1903.

"As authorized by article III, chapter IV, article V, chapter V, section 2, of the charter of the city and county of San Francisco, approved January 19, 1899, in relation to certain deputies, assistants and copyists of county clerk.

                        "A. DAVIDSON, Signature.

"Allowed, payable out of the general fund.

"......................190...

                "....................................

                "Auditor City and County.

        "By.............................

                        "Deputy.

"Correct                        ALBERT B. MAHONY,

                                "County Clerk.

                "By......................

                        "Deputy.

"Received payment, ....................

        "Auditor's receipt No.....

"Legal Department County Clerk's Assistants.  General Fund.
"When paid;                        Delivery stamp.

"This demand can only be paid out of the income and revenue provided, collected, and paid into the general fund of the treasury for the fiscal year 190....

                        "Registry stamp."

It further alleged "that said Albert B. Mahony then and there well knew that said false and fraudulent claim . . . was then and there false and fraudulent."

There was no allegation of any fact tending to show wherein the claim set forth was in any way "false" or "fraudulent," the allegations in this respect, in addition to setting forth a copy of a claim in favor of one Davidson, which was valid upon its face and certified as correct by the defendant as county clerk, being in the general language of the statute prescribing the offense. The falsity or fraudulent character of this claim, if it was in fact false or fraudulent, arose from some fact or facts not alleged, and concerning which the indictment furnished absolutely no information. An examination of the copy of the claim set forth shows that this apparently valid claim may have been "false" in any one of many ways, and "fraudulent" for any one of a great variety of reasons. Nothing, however, but the conclusion that it was both false and fraudulent is alleged, and the defendant, who must be presumed to be innocent of any crime, was left entirely in the dark as to any facts upon which the allegations of falsity and fraud were based.

It is urged in support of the indictment that it is generally sufficient to describe the offense substantially in the language of the statute. This is undoubtedly the general rule, but, as has been said, such rule simply means "that when the statute defines or describes the *acts* which shall constitute a particular offense, it is sufficient in an indictment to describe those acts in the language employed in the statute, applying them, of course, concretely to the person charged." (*People* v. *Ward,* 110 Cal. 369, 372.) In such cases, the statutory description gives to the accused sufficient notice of the charge against him. In the vast majority of cases the statute declaring the public offense does so define or describe the acts constituting it, but in many cases it does not, and to these cases is applicable the qualification to the general rule described by Mr. Justice Harlan in *United States* v. *Simmons,* 96 U. S. 360, as a qualification "fundamental in the law of criminal procedure, that the accused must be apprised by the indictment with reasonable certainty of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent

prosecution for the same offense.'' Our Penal Code provides
that the indictment or information must contain ''a statement
of the acts constituting the offense, in ordinary and concise
language, and in such manner as to enable a person of com-
mon understanding to know what is intended'' (sec. 950,
subd. 2); that it must be direct and certain as regards ''the
particular circumstances of the offense charged, when they
are necessary to constitute a complete offense'' (sec. 952,
subd. 3); and that it is sufficient if, among other things, the
act charged as the offense is set forth ''in such a manner as
to enable a person of common understanding to know what
is intended.'' These provisions but recognize the principle
universally recognized in civilized countries, that one accused
of crime shall be allowed to know the charge against him, so
that he may have an opportunity to present his defense there-
to, if any he has. (See *People* v. *Palmer,* 53 Cal. 615; *People*
v. *Ward,* 110 Cal. 369.)

The qualification to the general rule is peculiarly appli-
cable in cases where fraud is an element of the offense, and
the statutory definition of the crime simply includes the gen-
eral term ''fraud'' or ''fraudulently,'' without any descrip-
tion of the acts which shall constitute the fraud. This is
necessarily so, in view of the fact that fraud is but an infer-
ence of law from certain facts. This was clearly set forth
by this court in Bank in the case of *People* v. *McKenna,* 81
Cal. 158, where the defendant was charged in the language
of the statute defining the offense with having defrauded one
of personal property ''by false and fraudulent representa-
tions and pretenses.'' After stating that fraud is merely
an inference of law from certain facts, that the question as to
whether a thing was done fraudulently is a matter of law,
and that an allegation of fraud in general terms presents no
issuable fact, the court said: ''It is a sound principle that
an indictment charging fraud of any kind should aver with
particularity the *facts* relied upon to show fraud. Many of
the niceties and technicalities which existed under former
methods of pleading are not allowed to prevail under the
provisions of our code, but the rule still exists that an indict-
ment must be certain and clear as to the particular circum-
stances of the offense charged when they are necessary to
constitute a complete offense. (Pen. Code, sec. 952, subd. 3.)''

In *People* v. *Neil*, 91 Cal. 465, it was held by this court in Bank, following *People* v. *McKenna*, 81 Cal. 158, that an information charging one, in the language of section 45 of the Penal Code, with fraudulently voting when not entitled to vote, was insufficient as against demurrer. In the opinion in that case *Hirschfield's Case*, 13 Blatchf. 331, was approvingly cited, wherein it was held that a charge that one had fraudulently registered, although in the words of the statute, was insufficient, and it was said that something more must be stated in order to give the accused any proper notice of the charge which he was to meet, it being impossible for him to determine from the charge what he would be required to show in his defense.

These decisions of this court are in line with the decisions generally on the question of the necessity of alleging the facts upon which a charge of fraud is based, and are apparently conceded by learned counsel for the people to be correct. It is sought, however, to distinguish them from the case at bar, but we can see no distinction material to the question under discussion. It was essential to the commission of the offense sought to be charged by the indictment before us that the claim presented by defendant for allowance was in fact false or fraudulent. It was alleged that it was both false and fraudulent. The allegation that it was fraudulent was the allegation of a mere conclusion of law, assumedly based upon certain facts not disclosed by the indictment. What the extraneous facts, claimed by the district attorney to render it fraudulent, and alleged by the indictment to have been known to defendant, were, the indictment fails to show, and the defendant was left in absolute ignorance as to the particular charge he would be compelled to meet in this connection. It may be that the claim itself is set forth with sufficient certainty to enable the defendant to plead a judgment on the merits in bar of any subsequent prosecution, but this is only one object of the rule requiring the acts claimed to constitute the offense to be sufficiently set forth, the other equally important object being to apprise the accused with reasonable certainty of the nature of the accusation against him, to the end that he may prepare his defense. The rule stated by Mr. Justice Temple in *Capuro* v. *Builders' Ins. Co.,* 39 Cal. 125, as applicable to civil cases,—viz., that while the party alleging

fraud is not required to allege with minuteness all the particulars and circumstances which constitute the evidence of the alleged fraud, he must make the charge with sufficient distinctness to enable his adversary to come prepared with his evidence upon the general questions of fraud which will be raised,—is applicable as well to criminal cases. No other rule would be consonant with a due regard for the liberty of the individual and the protection of property.

We are satisfied that where it is sought to charge one with the presentation of a fraudulent claim under section 72 of the Penal Code the particular acts which make the claim fraudulent should be so alleged as to make the fraud appear upon the face of the indictment. (See in this connection *United States* v. *Goggin,* 1 Fed. 49.)

It is unnecessary to determine whether the allegation that the claim was ''false'' as well as fraudulent adds anything to the indictment. The particular objection that we are considering is not that the indictment does not state facts constituting a public offense, but that it does not conform to the requirements of sections 950, 951, and 952 of the Penal Code, in that it does not sufficiently set forth ''the acts constituting the offense,'' and ''the particular circumstances of the offense charged,'' so as to enable the defendant to know what was the precise charge against him and to prepare his defense thereto.

Being advised by the indictment that the people charge that the claim was fraudulent as well as false, even if there be any distinction between these terms as used in connection with a claim such as is set forth in such indictment, he is certainly entitled upon objection made by demurrer to know with reasonable certainty the facts relied upon by the people as constituting the alleged fraud.

We do not wish to be understood as holding that it would be sufficient in alleging an offense under section 72 of the Penal Code to allege simply that a claim was ''false,'' without alleging wherein it was false. It is very easy for the pleader to set forth specifically wherein a claim presented for allowance is claimed to be erroneous, and it certainly would be more in accord with the rule that we have discussed as applicable to this case that this should be done.

The attorney-general, in support of this indictment, relies

almost entirely upon the decision of this court in Department, in *People* v. *Carolan*, 71 Cal. 195. The question here involved received little consideration in the opinion in that case, being disposed of by the simple statement that the indictment was sufficient, charging the offense, as it did, in the language of section 72 of the Penal Code. No authority was cited in support of this conclusion, and so much of the record of that case as is now accessible indicates that no authorities therein were cited to the court. The conclusion therein reached is so opposed to later decisions rendered by this court in Bank, and also to fundamental principles recognized by the decisions generally, that it cannot be now accepted as authority.

The judge of the superior court did not err in sustaining the demurrer to the indictment.

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.