## SKEEN v. CHAMBERS.

No. 1763.　Decided August 2, 1906.　(86 Pac. 492).

1. Statutes—Validity —Partial Unconstitutionality— Separate Provisions.—Revised Statutes 1898 section 4580, authorizes proceedings against public officers who have been guilty of charging and collecting illegal fees, and provides that if on the hearing it shall appear that the charge is sustained the court must enter a judgment that the party accused be deprived of his office and for such costs as are allowed in civil cases. There is no provision as to costs in case the defendant is successful. *Held*, that even if the provision as to costs should be regarded as in conflict with Const. art. 6, section 26, prohibiting special laws, it is not so connected with the remainder of the statute as to render it invalid as a whole.

2. TRIAL — INSTRUCTIONS — DEFINITION OF TERMS. — In an action against a public officer for knowingly collecting illegal .fees, it is not error to define the term "knowingly" in the language of Revised Statutes 1898, section 4053, subd. 5, which declares that the term "knowingly" imports only a knowledge that the facts exist which bring the act or omission within the provisions of the Code, but does not require any knowledge of the unlawfulness of the act or omission. [1]

APPEAL from District Court, Weber County; J. A. Howell, Judge.

Action by J. D. Skeen against Fred W. Chambers. Judgment for plaintiff. Defendant appeals.

AFFIRMED.

H. H. Henderson, H. R. Macmillan and Maginnis & Corn for appellant.

J. N. Kimball, Geo. Halverson and C. C. Richards for respondent.

APPELLANT'S POINTS.

It is to be observed that this being a penal statute it will be strictly construed and will not be extended by implication to cases not strictly within its terms. (Hall v. State, 20 Ohio 7; In re Stow (Cal.), 33 Pac. 491.) Or as otherwise stated: "It is a general rule that statutes affixing penalties shall be strictly construed and all doubts resolved in favor of the accused." (Ex parte Kohler, 74 Cal. 44.)

This proceeding is brought in the name of J. D. Skeen, an individual, and not in the name and authority of the state, therefore the court is without jurisdiction and the action should be dismissed. (Thurston v. Clark, 107 Cal. 285, 40 Pac. 435; Kilburn v. Law, 111 Cal. 237, 43 Pac. 615; Wheeler v. Donnell, 110 Cal. 655, 43 Pac. 1; In re Curtis, 108 Cal. 661, 41 Pac. 793; U. S. v. Byrd, 116 U. S. 616; Lee v. U. S., 150 U. S. 476.)

How can a councilman be removed from office for collecting illegal fees (admitting it to be such for the sake of argu-

---

[1] People v. Biddlecome, 3 Utah 208, 2 Pac. 194.

ment only), during a prior term? Such cannot be and is not the law. (*Smith v. Ling,* 68 Cal. 324; *Woods v. Varnum,* 85 Cal. 639, 24 Pac. 843.)

### STATEMENT OF FACTS.

This was an action brought under section 4580, Revised Statutes 1898. On February 2, 1906, J. D. Skeen filed in the district court of Weber county his amended complaint, duly verified, in which he alleged that the defendant, Fred W. Chambers, has since the first Monday in January, 1904, been a member of the city council of Ogden City, Utah; that at the time of his election to said office there was in force and effect an ordinance of Ogden City which fixed the compensation of councilmen of said city at $240 each per year, payable in equal monthly installments on the last day of each and every month; "that on or about the 7th day of January, 1904, said Fred W. Chambers, while acting in the capacity of city councilman, willfully, corruptly, and fraudulently presented to the city auditor of said Ogden City a claim for the sum of $50, and caused warrant No. 48867 to be issued by said auditor to him, directing the city treasurer of Ogden City to pay to him the sum of $50, and afterwards on said date said defendant willfully and corruptly presented said warrant indorsed by him to the city treasurer of said Ogden City, and demanded from said treasurer and received the sum of $50 out of the funds belonging to said city, and knowingly and fraudulently appropriated the same to his own use; that said Chambers, at all of said times, well knowing that he had not rendered any service to Ogden City for said sum of $50, and that he was not entitled to the same, and that the same was in excess of the compensation allowed him as such councilman, willfully, corruptly, and fraudulently abstracted said sum of $50 from Ogden City." The complaint further recites that on December 27, 1904, the defendant willfully, fraudulently, and corruptly presented to the council of said city a bill or charge for the sum of $100 claimed by him for services as such councilman on board of equalization and review of special taxes levied by

said council during the year 1904, and procured said council to allow the same, and thereafter received from the treasurer the said sum, well knowing that said sum was in excess of and in addition to his compensation fixed by the ordinance of said city. It is further alleged that defendant, while still councilman of Ogden City and acting as such, on December 26, 1905, presented to the council of said city an account or bill for 33 1-2 days' services at the rate of $3 per day, pretended to have been rendered during the year 1905 by said Chambers on the board of equalization and review of special taxes assessed during the year 1905; that said defendant willfully, corruptly, and fraudulently procured the city council to allow said sum ($100.50), and thereafter received the said sum from the city treasurer; that said sum was in excess of and in addition to his salary as fixed by ordinance. A trial was had, and the jury by their verdict found defendant "guilty of charging and collecting illegal fees." The court entered judgment on the verdict, and it was ordered and adjudged that defendant be deprived of his office as city councilman. To reverse the judgment thus rendered, defendant has appealed to this court.

McCARTY, J., after making the foregoing statements of the case, delivered the opinion of the court.

With the exception of the transaction involving the $50 first mentioned in the foregoing statement of the case, the issues of fact presented by the complaint in this case are the same as the issues which were involved in the case of *Skeen v. Craig* (decided at the present term of this court), 86 Pac. 487, which case, in the order of business, immediately precedes the one under consideration. The matters involved in the two suits, with the exception of the $50 referred to, grew out of and were connected with the same transactions, and the charging and collecting of the $50 from the city by defendant raises no question of law that was not presented and decided in the case of *Skeen v. Craig*. The plaintiff in that case, who is also plaintiff in the case at bar, introduced practically the same evidence in both cases. The same defense is

interposed in this case as was made in the case of *Skeen v. Craig*. Therefore, with the exception of two questions presented on this appeal, which were neither raised nor determined in the case of *Skeen v. Craig*, that case is decisive of this.

At the outset counsel for the defendant challenged the constitutionality of the section (4580) of the statute under which the action was commenced on the ground that, while said section provides for the taxing of costs against the defendant in case he shall be adjudged guilty and removed from office, there is no provision therein made for the recovery of costs by defendant in case he shall be successful in the action. When the case came on for trial defendant interposed an objection to the introduction of any evidence on the ground of the alleged unconstitutionality of said section, which objection the court overruled. No further or other objection was made to the statute, nor was its validity otherwise called in question. In fact, so far as shown by the record, no costs were taxed against defendant or cost bill filed in the case. The concluding part of section 4580 is as follows:

"And if, on such hearing, it shall appear by the verdict of the jury that the charge is sustained, the court must enter judgment that the party accused be deprived of his office, *and for such costs as are allowed in civil cases.*"

Section 26, art. 6, of the Constitution provides, so far as material here, that:

"The Legislature is prohibited from enacting any private or special laws in the following cases: . . . (18) In all cases where a general law can be applicable, no special law shall be enacted."

It is claimed that that part of section 4580 which we have italicized is in conflict with the foregoing provision of the Constitution. The question, however, is not raised and presented in such a way as to enable this court to pass upon the validity of that specific part of section 4580 relating to costs. Defendant's objection to the introduction of any evidence and the assignment of error to the court's ruling thereon calls in

question the validity of the entire section. Even though it were conceded that the provision relating to costs is void, a question which under the assignment of error we are not called upon to determine, it would not necessarily follow that the balance of the section is a nullity. That part of section 4580 which directs how and under what circumstances an action of this kind shall be commenced and conducted is in no sense dependent upon or interwoven with the part relating to costs. Therefore, whatever view we might take respecting the validity of that part of the section providing for the taxation of costs, it would not in any way effect the remainder of the section. (Sutherland, Stat. Const. [2 Ed.], 296.)

The court instructed the jury in part as follows: "The court charges you that the prosecution in this case must not only prove beyond a reasonable doubt that the defendant charged and collected illegal fees, but you must also be satisfied by the evidence beyond a reasonable doubt that he charged such illegal fees willfully, knowingly, and corruptly." The court then proceeded to define the term "knowingly" in the language of the statute (Rev. St. 1898, section 4053, subd. 5), which is as follows: "The term 'knowingly' imports only a knowledge that the facts exist which bring the act or omission within the provisions of the Code. It does not require any knowledge of the unlawfulness of the act or omission." The defendant excepted to that part of the instructions which was given in the language of the statute. There is absolutely no merit whatever in the assignment of error predicated upon this objection, for the authorities uniformly hold that, when a statute defines an offense, word or term, it is not error for the court to instruct the jury respecting such offense, word, or term in the language of the statute. (11 Ency. Pl. & Pr., 205; *Duncan v. People,* 134 Ill. 110, 24 N. E. 765; *Long v. State,* 23 Neb. 33, 36 N. W. 310; *People v. Biddlecome,* 3 Utah 208, 2 Pac. 194.) In fact, it is too plain to admit of discussion that it would be palpable and inexcusable error for a court, in its instructions to a jury respecting a word or term defined by statute, to give such word or term a different meaning or application than that expressed by the

statute itself, especially where, as in this case, the language as well as the meaning of the statute is intelligible, definite, and free from ambiguity.

There are other errors alleged; but, as the questions raised by them were considered and passed upon by this court in the case of *Skeen v. Craig,* supra, we deem it unnecessary to again refer to them, as that case, in the main, is decisive of this.

We find no reversible error in the record. Judgment is affirmed. The costs of this appeal to be taxed against appellant.

BARTCH, C. J., and STRAUP, J., concur.