PARKER, Co. Atty. v. MORGAN, Dist. Judge.

No. 2935.    Decided September 19, 1916.    (160 Pac. 764.)

1. DISTRICT AND PROSECUTING ATTORNEYS—REMOVAL—GROUNDS—
"COLLECTION OF ILLEGAL FEES." It is not a collection of illegal
fees, within Comp. Laws 1907, section 4580, providing for re-
moval of officers for such offense, for the county attorney to
charge more for stenographic work than he pays his stenog-
rapher, the statute covering only fees in excess of those fixed
by law for certain services. (Page 407.)

2. PROHIBITION—RIGHT TO MAINTAIN—OTHER REMEDY. Where an
accusation against the county attorney charged acts not pro-
hibited by Comp. Laws 1907, section 4579, under which it was
brought, and the court therefore had no jurisdiction, the offi-
cer's remedy under section 4577 by appeal was inadequate, so
that he could maintain prohibition to prevent removal under
such accusation. (Page 408.)

Prohibition by George P. Parker, County Attorney of Utah
County, against A. B. Morgan, Judge of the Fourth Judicial
District.

Application for peremptory writ granted.

*Cheney, Jensen & Holman,* for plaintiff.

*J. W. N. Whitecotton* and *Grant C. Bagley,* for respondent.

FRICK, J.

This is an original application to this court for a writ of
prohibition to prohibit Hon. A. B. Morgan, who is judge of
the District Court of Utah County, from proceeding in a cer-
tain action wherein the plaintiff, as county attorney of such
county, is accused of having "willfully, knowingly, and cor-
ruptly" collected illegal fees from said Utah County in the
sum of $22.65. There are various charges for different amounts
but they all arise in the same way, and hence it is not neces-
sary to do more than to refer to said charge of $22.65.

The facts constituting the alleged offense, briefly stated,
arise as follows: The plaintiff in this and the defendant in the

proceeding which is sought to be prohibited by this writ is county attorney of Utah County; his salary as county attorney, it is alleged, "is fixed by law and an ordinance of said county" at the sum of $1,425 per annum paid in monthly installments. In addition to said salary it is also alleged said county has paid, and "undertakes to pay," plaintiff as county attorney for the services of keeping a clerk or stenographer in his office; that the plaintiff presented a claim against said Utah County for clerk hire or stenographer's services for a sum which was $22.65 in excess of what he actually paid to said stenographer; that he appropriated said $22.65 to his own use and benefit, which, it is alleged, is contrary to the provisions of Comp. Laws 1907, Section 4580, which, so far as material here, reads as follows:

"When an accusation in writing, verified by the oath of any taxpayer, shall be presented to a District Court, alleging that any officer within the jurisdiction of the court has been guilty of knowingly, willfully, and corruptly charging and collecting illegal fees for service rendered   *   *   *   in his office *   *   *   the court must cite the party charged to appear before the court."

A hearing is then provided for, and the section then concludes:

"And if, on such hearing, it shall appear by the verdict of the jury that the charge is sustained, the court must enter a judgment that the party accused be deprived of his office, and taxed with such costs as are allowed in civil cases."

There are other sections which have a bearing upon the question presented here, one of which is Section 4579. In that section it is, in substance, provided that in case the county attorney is accused, the accusation against him must be made by a grand jury or by the Attorney General.

It is contended by the plaintiff that in case the county attorney is accused, the remedy provided for by Section 4579, *supra,* is exclusive and therefore the District Court of Utah County is without jurisdiction to proceed under Section 4580, *supra.* We have had occasion to consider and determine the question in a very recent case, namely *Carbon County* v. *Hamilton et al.,* .. Utah .., 160 Pac. 765. We there stated

the history of the several sections now under consideration, and, following the Supreme Court of California, held that the remedies provided for in Section 4579 and in Section 4580 for the removal of certain county officers, including the county attorney, were cumulative. We further held that under our statute a taxpayer may inaugurate and prosecute such a proceeding independently, or that under Comp. Laws 1907, Section 511, subd. 3, a proceeding to remove such an officer may be instituted and prosecuted under the direction of the county commissioners. It is not necessary to add anything to what we there stated upon this point.

Plaintiff's counsel, however, further contend that, conceding that the remedies under Sections 4579 and 4580 are cumulative, yet the District Court of Utah County is without jurisdiction for the reason that the plaintiff has not violated any provision of Section 4580. In that connection counsel contend that, although it be further conceded that the $22.65, which it is alleged plaintiff received from Utah County for stenographer's services was in fact in excess of the salary he was entitled to, yet that the receipt and appropriation thereof by plaintiff does not constitute the offense of "charging and collecting illegal fees for services rendered or to be rendered in his office," which is denounced in Section 4580. Counsel, in the course of their argument, in referring to the accusation filed against the plaintiff, say:

"The facts pleaded in the information merely show, if anything, the presentment of a false and fraudulent claim, and not the collection of illegal fees within the purview of said section." Section 4580.

The statute, in express terms, is limited to the collection of illegal fees, that is, fees not allowed by law "for services rendered or to be rendered in his office." This, manifestly, was not intended to cover every unauthorized claim that may be presented by a county official against the county, but it covers only, as expressed in the statute, illegal fees; that is, fees that are in excess of those fixed by law for official services rendered by the county attorney. For example: Let it be assumed that the county attorney is, by law, permitted to charge fifty cents or one dollar to prepare a certain official

document, but he has "knowingly, willfully and corruptly" charged seventy-five cents or $1.25 for his services, then he has violated the provisions of Section 4580, and, if judicially established, the court must remove him from his office. If, however, he employs a clerk or stenographer and pays him fifty dollars per month for his services, but files a claim against the county for sixty dollars per month, which is allowed and paid by the county, he, at most, has filed an excessive claim against the county. While it may be that the county attorney is not legally entitled to anything in excess of what he actually pays his stenographer, it may also be that the services rendered by the stenographer to the county are worth the sixty. dollars claimed by the county attorney. But, be that as it may, it is sufficient for the present to determine that such a claim does not constitute the offense described in Section 4580. In this connection it should also be kept in mind that the effect of the statute is penal, and may be more or less drastic upon the removed county officer. In view of that fact courts should not include within it acts which are not expressed or clearly implied. In the course of the opinion in *Law* v. *Smith,* 34 Utah 394, 98 Pac. 300, we had occasion to point out that not all excessive claims filed by a county officer against the county come within the provisions of Section 4580. We are of the opinion that the charge against the plaintiff comes within the rule laid down in that case, and hence does not come within the provisions of the sections last referred to. The Supreme Court of Idaho, in which state a similar statute is in force, has followed the rule laid down by us in *Law* v. *Smith, supra,* in the cases of *Coleman* v. *Wanamaker,* 27 Idaho 342, 149 Pac. 292, and *McRoberts* v. *Hoar,* 28 Idaho 163, 152 Pac. 1046.

It is, however, further contended that this application must fail if for no other reason than that the plaintiff has a speedy and adequate remedy at law. The statute (Comp. Laws 1907, Section 4578) provides that in case an officer is removed from office by the District Court he may appeal to this court, but in taking the appeal the judgment of removal remains in full force and effect until reversed by this court. The officer thus stands removed from his office, although the proceeding against him may, by this court, be held wholly

without force or effect, that is, this court may finally hold that the District Court had no jurisdiction to proceed against him. One of the grounds upon which this application is based is that the acts alleged in the accusation filed against the plaintiff do not come within Section 4580, upon which the accusation is based, and that for that reason the District Court is without jurisdiction to proceed, and we so hold. In view of that fact the plaintiff might thus be removed from office by the District Court upon an accusation which has no foundation in law. That court would thus have no jurisdiction to proceed. An appeal would therefore not be an adequate remedy. In 3 Suth. Code Pl. Pr. & F., Section 7121, the author says:

"* * * But appeal is not an adequate remedy where change of venue has been granted from that court, or the court has no jurisdiction, and costs for transporting witnesses are not recoverable, or where an attachment is wrongfully continued pending an appeal, or a public officer is removed from office pending an appeal as to his malfeasance."

It follows that a peremptory writ as prayed for should therefore be issued. Such is the order.

STRAUP, C. J., and McCARTY, J., concur.