# BURKE, County Com'r of Beaver County, v. KNOX, District Judge, et al.

## No. 3745.　Decided April 6, 1922.　(206 Pac. 711.)

1. OFFICERS—ACCUSATION IN REMOVAL PROCEEDINGS MUST STATE ACTS CONSTITUTING OFFENSE IN ORDINARY AND CONCISE LANGUAGE. Under Comp. Laws 1917, §§ 8625, 8626, 8637, prescribing procedure for removal of officials, an official against whom removal proceedings are instituted is entitled to accusation, stating in ordinary and concise language the particular acts or things constituting the offense with which he is charged.[1]

2. COUNTIES—COUNTY COMMISSIONER MAY WORK ON COUNTY ROAD, AND BE PAID REASONABLE VALUE OF SERVICES BY BOARD OF COUNTY COMMISSIONERS. A county commissioner may do work on county roads, and present claim therefor to and be allowed reasonable value of services, and for board and room while engaged in doing county road work by board of county commissioners.

3. COUNTIES—COMMISSIONER, MAKING EXCESSIVE CLAIM TO BOARD, HELD NOT TO BE REMOVED THEREFOR ON GROUND THAT IT WAS A "FALSE CLAIM" OR "FRAUDULENT CLAIM" WITHIN CRIMINAL STATUTE. County commissioner, who made an excessive claim for expenses to the board of county commissioners, could not be removed in proceedings under Comp. Laws 1917, §§ 8625, 8626, 8637, on the ground that he was thereby guilty of making a "false or fraudulent claim" under section 7929, making it a felony to present to any state, county, or city board or officer a "false or fraudulent claim."[2]

4. PROHIBITION—WRIT ISSUED TO PREVENT DISTRICT COURT FROM TAKING JURISDICTION IN PROCEEDINGS TO REMOVE OFFICER ON INSUFFICIENT PETITION. A writ of prohibition will issue to prevent the district court from entertaining proceedings for removal of an officer under Comp. Laws 1917, §§ 8625, 8626, 8637, where petition for removal does not charge the officer with having committed an offense legally justifying the court in removing him; appeal not being adequate remedy in such case.

Original application for writ of prohibition by Owen

---

[1] *Skeen v. Craig*, 31 Utah, 20, 86, Pac. 487; *Skeen v. Chambers*, 31 Utah, 36, 86 Pac. 492.

[2] *Parker v. Morgan, Judge*, 48 Utah, 408, 160 Pac. 764.

Prohibition.   Writ issued

Burke, as County Commissioner of Beaver County, against William F. Knox, as District Judge, and others.

WRIT ISSUED.

*Straup, Nibley & Leatherwood,* of Salt Lake City, *O. A. Murdock, of Beaver,* and *J. H. McKnight,* of Nephi, for plaintiff.

*C. T. Woodbury,* of Milford, for defendants.

CORFMAN, C. J.

On December 3, 1921, the plaintiff, as a county commissioner of Beaver county, Utah, made an original application to this court for a writ of prohibition to prohibit the defendant William F. Knox, as the judge of the district court of Beaver county, and the other defendants, as judges called from other districts, to act in that capacity by reason of the disqualification of said Judge Knox, from proceeding in a certain action brought by the county attorney of Beaver county against the plaintiff as the aforesaid commissioner to remove him from his office. It is set forth in plaintiff's affidavit herein that the said district court is without jurisdiction to proceed with the said action pending before it for two reasons: First, that the court is about to proceed to try and determine the cause out of term time; and, secondly, for the reason that the complaint or accusation made against the plaintiff does not state sufficient facts to constitute a ground for removal from office.

Upon the filing of the plaintiff's petition we let an alternative writ issue. Since that time the defendants have answered, showing that a regular term of the district court opened for Beaver county on March 13, 1922. Therefore it is conceded by all of the parties interested that the first question raised by the plaintiff's petition need not now be considered or passed upon by this court, and we shall make no further reference thereto.

At the present time the only question for this court to pass upon and determine is whether or not the district court should or should not be prohibited from proceeding to try the plaintiff and remove him from his said office as county commissioner upon the complaint filed against him by the county attorney for Beaver county in said court.

Said complaint is voluminous, consisting of eight type-written pages, containing four counts or alleged causes of action. They need be stated only in substance.

The first count charged the plaintiff with having, on November 21, 1919, "unlawfully, knowingly, and willfully, and for the purpose and with the intent to unlawfully obtain $92.50, made and furnished to the board of county commissioners of Beaver county his claim for $92.50, purporting to be for 18½ days' work single-handed, rendered by himself on the roads of Beaver county"; on February 2, 1920, with having "unlawfully, knowingly, corruptly, and fraudulently, and for the purpose and with the intent to cheat and defraud Beaver county out of the sum of $19, made and presented to the board of county commissioners of said Beaver county his verified claim of $34.70, purporting to be for actual traveling expenses in discharging necessary committee work as a county commissioner of Beaver county on January 10, 1920, and in attending a regular meeting of the board of county commissioners of said county on February 2, 1920"; on December 6, 1920, with having "knowingly, corruptly, and fraudulently, and for the purpose and with the intent to defraud said Beaver county out of the sum of $130, made and presented to the board of county commissioners of said Beaver county his verified claim of $130, purporting to be for board and room from November 10, 1920, to December 5, 1920, while on county road work." It is then alleged, upon information and belief, that the plaintiff well knew that the said claims, so presented by him to the county commissioners, were unlawful, and that with such knowledge plaintiff caused them to be paid to him, and that he therefore "unlawfully, knowingly, corruptly, and fraudulently abstracted from

Beaver county" for his own corrupt and unlawful purposes the said sums.

The second, third, and fourth counts in effect charge the plaintiff with a failure to perform the official duties pertaining to his said office, in that he knowingly, wilfully, and corruptly failed, refused, and neglected as a county commissioner to oppose the allowance and payment of said alleged illegal claims. Upon the said complaint a notice or citation was issued by the county attorney of Beaver county, which was served upon plaintiff, requiring him to appear before the district court and make answer, if any he had thereto. Plaintiff appeared by counsel, who moved to quash, set aside, and to recall the citation, and also to dismiss the several accusations made against him, upon the grounds that they are insufficient in law, and that the district court is without jurisdiction to proceed. Said motions were denied, and the demurrer overruled by the court.

Comp. Laws Utah 1917, Ch. 4, of Title 119, entitled "Crimes Against the Executive," § 7929, provides:

"Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer or to any county, city, town, or district board or officer, authorized to allow or pay the same, if genuine, any false or fraudulent claim, bill, account, voucher, or writing is guilty of a felony."

Section 8625 of said compilation, found under chapter 8 of the aforesaid title, provides:

"All officers not liable to impeachment shall be subject to removal for high crimes, misdemeanors, or malfeasance in office, as in this chapter provided."

Section 8626 of the same chapter provides:

"An accusation in writing against any district, county, precinct, municipal, or school district officer, or officer of any board of education, for any high crime, misdemeanor, or malfeasance in office, may be presented by the grand jury or by the county attorney of the county in which the officer accused is elected or appointed."

Other sections of the statutes, under chapter 8, provide that the accused may appear and object to the sufficiency of the complaint or accusation against him, and if his objection is not sustained he may answer orally or in writing, denying

the charges made against him. It is also provided that trial of the accused must be by jury, and shall be conducted in the same manner as trial on indictment or information for a felony. Finally, it is provided (section 8637) that upon conviction the court must pronounce judgment that the accused be removed from office.

This court has held that under our statutes providing for the removal of public officers from their offices the proceedings are civil and not criminal in their nature. *Skeen* v. *Craig*, 31 Utah, 20, 86 Pac. 487; *Skeen* v. *Chambers*, 31 Utah, 36, 86 Pac. 492. It is contended by the plaintiff, however, that while such actions and all the proceedings under them may be regarded as civil in their nature, the trial court should not proceed to try the accused in such a case until he is advised by proper pleadings of the particular acts or things sought to be complained of by his accuser, and until that is done the court will have nothing before it to act upon, and no power or jurisdiction to proceed. The rule contended for by the plaintiff is the one that generally applies in all civil actions where fraud or misrepresentation is relied upon as a basis for redress or a recovery. In the present case, by reason of the very drastic provisions of our statutes and the dire consequences that must result to the plaintiff if it should ultimately be found that he has offended against them, it would seem a very wise and just legal requirement that "the accusation must state the offense charged in ordinary and concise language"; that is to say, as we interpret the foregoing words of the statute, the pleader must state in "ordinary and concise language" the particular acts or things done by the accused which constitute the offense he is charged with having committed. Moreover, the offense charged should be one, if successfully proven, that would legally justify the court in removing the accused from his office.

In the accusation now under consideration, as one of the grounds for removal from office, it is merely alleged—

"That in addition to the salary of defendant [plaintiff here] as county commissioner of said Beaver county, as fixed by law and the

ordinances of said county, Beaver county has paid to said defendant and undertaken to pay to him the actual amount of his traveling expenses in attending the regular and special meetings of the board of county commissioners of said Beaver county, and in the discharge of necessary committee work, but not to exceed the sum of $300 in any one year."

We shall refer to this allegation in the accusation later on in this opinion. It is then alleged that the plaintiff presented to the board of county commissioners his claim of $92.50 ''for 18½ days' work, single-handed, rendered by himself on the roads of Beaver county.''; that he procured an allowance and payment of said claim, and thus the plaintiff ''unlawfully, knowingly, and willfully abstracted from Beaver county, in manner aforesaid, for his own unlawful purposes, the said sum of $92.50.''

The complainant as county attorney of Beaver county has not called our attention to any provision of our statute, and we confess we know of none, which either expressly or impliedly declares that a county commissioner commits an offense by working on the county roads with a pick and shovel; nor are we apprised of any statutory provision which forbids a commissioner from presenting and having allowed a claim against a county for the reasonable value of services of that nature when rendered by him. We very much doubt if even those citizens and taxpayers who are inclined to be skeptical when it comes to public expenditures, to say nothing for the genuine booster for the ''good roads movement,'' would complain if some of our county commissioners would work on the county roads with a pick and shovel, and collect for services rendered, provided, of course, something results from their labor. Nor are we prepared to say, in the absence of some statute forbidding, that a county commissioner may not lawfully present a claim against the county ''for board and room while engaged in doing'' county road work. From aught that appears in the accusation in this case that we now have under consideration the plaintiff's claim in this regard may have been a perfectly legitimate item of expenses, properly incurred and legally and justly allowable and payable to him. It was incumbent upon the

county attorney, as the complaining party in this case, to set forth the facts showing in what particulars, if any, the presentation, allowance, and payment of plaintiff's claim was in violation of law. True, it is charged that the acts of the plaintiff were unlawful, and that he caused the claim to be allowed and paid "knowingly, corruptly, and fraudulently, and for the purpose and with the intent to defraud said Beaver county out of the sum of $130," but that, however, merely expresses the conclusion of the pleader, and could be stated, although not properly so, with respect to a claim made for the plaintiff's regular salary, or any other valid and subsisting claim that might be justly made against the county. We cannot conceive of any wrong being perpetrated by a county paying to its commissioner the expenses incurred by him in providing himself with something to eat and a place to sleep when he is called away from his home and place of business and is actually occupied with the necessary duties of looking after "county road work." It sometimes happens that county commissioners are called upon while in the discharge of their official duties in connection with road work to travel long distances and remain away from their homes and usual places of business for a considerable length of time, and under circumstances where it would be wholly impracticable and against the public interests to have them do otherwise than remain at the place where the work is being performed. In such cases, if a commissioner makes a reasonable charge against the county for amounts actually paid for his board and lodging, and has it allowed and paid, how can it be legally or justly charged that he has committed a felony, or that he is guilty, for the purpose of removing him from office, of any high crime or misdemeanor or malfeasance in office?

Coming now to what appears to be a more serious charge against the plaintiff, that of presenting, having allowed, and paid a claim for $34.70—

"purporting to be for actual traveling expenses in discharging necessary committee work as a county commissioner of Beaver county on January 10, 1920, and in attending a regular meeting of the board of county commissioners of said county on February 2, 1920,

* * * while in truth and in fact, as plaintiff is informed and believes, and upon such information and belief alleges, defendant did not pay, nor incur liability to pay, for actual traveling expenses while doing necessary committee work as a commissioner of Beaver county on January 10, 1920, more than the sum of $12.45, nor more than the sum of $3.20 as actual traveling expenses."

That is tantamount to saying, on information and belief, that the plaintiff presented a claim and caused it to be allowed and paid by the county for $19 in excess of the amount of his actual traveling expenses. It is further alleged, as has been seen, that the plaintiff presented this claim "knowingly, corruptly, and fraudulently, and for the purpose and with the intent to cheat and defraud said Beaver county out of the sum of $19."

Recurring now to the allegation to the effect that in addition to plaintiff's regular salary, compensation had been fixed by law and the ordinances of Beaver county for said purposes a sum not to exceed $300 in any one year, it appears from the accusation that plaintiff presented against this fund and had paid to him therefrom a claim of $34.70, when in fact he had actually incurred travelling expenses to be paid out of said fund for no more than $15.70.

This feature of the present case is in some of its aspects analogous to the case of *Parker* v. *Morgan, Judge,* 48 Utah, 408, 160 Pac. 764. In that case the county attorney for Utah county had been allowed by the board of county commissioners a fixed monthly sum for the purpose of employing and paying for a stenographer's services. The county attorney, it was claimed, employed and paid a stenographer for a sum less than had been allowed for that purpose, and then presented and caused to be paid to him the full amount allowed him as attorney, retaining the difference for his own use. The attorney was charged in the accusation with having "willfully, knowingly, and corruptly" collected illegal fees from Utah county in the sum of $22.65 over and above his salary as county attorney as fixed by law and the ordinances of the county contrary to the provisions of Comp. Laws Utah 1907, § 4580 (Comp. Laws Utah 1917, § 8640), which has to do with the offense of collecting illegal fees by a public

officer. In that case it was contended, and this court held, that under the facts pleaded the accusation merely showed the presentment of a false and fraudulent claim, and not the collection of illegal fees within the purview of section 4580, and therefore the action could not be maintained. In the present case the accusation does not refer to any provision or section of our statutes. It is now merely argued and contended by the county attorney, if we correctly understand him, that plaintiff presented a false and fraudulent claim, and caused it to be allowed and paid by Beaver county. While is is not alleged in the accusation that any particular section of our statutes has been offended against by the plaintiff, nevertheless it is urged upon this court by the county attorney that under the provisions of section 7929, supra, his acts or conduct with respect to presenting the claim for $34.70 constituted a felony, that a felony is a high crime, and therefore, if plaintiff's alleged misconduct be proven, he should be removed from office, as provided may be done by the provisors of section 8637, supra.

We have pointed out that the facts in this case do not materially differ from those in the *Parker Case*. If then it was essential in the *Parker Case,* and it seems this court in effect so held, that the district court should be prohibited from proceeding with the case merely because the accusation was predicated on the wrong section of our statutes, it is difficult to conceive why the district court in the present case should be permitted to proceed when the plaintiff is not informed nor the court advised by the accusation that the action is based on any provision of our statute. But assuming, without deciding that it was not necessary for the county attorney to point out the provisions of the statute that it is claimed plaintiff offended against, then the question remains, Are the facts set forth in the information sufficient in law to permit the district court to proceed?

As has been seen, the charge against the plaintiff now under consideration is made on information and belief of the county attorney. It is alleged that the plaintiff presented, had allowed, and paid by the county a claim for $34.70, which

was false and fraudulent only in part; that is to say, the county attorney

"is informed and believes and upon such information and belief alleges, defendant (plaintiff here) did not pay nor incur liability to pay for actual traveling expenses while doing necessary committee work as a commissioner of Beaver county, on January 10, 1920, more than the sum of $12.45, nor more than the sum of $3.20 as actual traveling expenses while attending a regular meeting of the board of county commissioners of said Beaver county February 2, 1920."

In substance and effect absolutely nothing is set forth in the foregoing language of the accusation but the bare conclusions of the pleader that the plaintiff "did not pay nor incur a liability to pay for actual traveling expenses" to exceed $15.70. Nowhere is stated the number of miles or distance actually traveled, nor what would be a legal or reasonable mileage charge to be charged by the plaintiff as county commissioner while in attendance upon committee work and the regular and special meetings of the board of county commissioners. Minds might honestly and reasonably differ as to what would be a just and proper charge per mile for travel, according to conditions and circumstances. Indeed, minds might differ as to the actual distance covered in passing from one place to another. As to how many trips were made, the distance traveled, or the price paid the accusation is silent. True, it is alleged plaintiff presented a "false and fraudulent claim," but that statement imparts no information but the bare conclusion of the pleader predicated on no specific facts. If the plaintiff presented merely an excessive claim for expenses incurred in traveling, that is one thing. If he presented a claim or charge for a trip that he 3 did not make at all, that is quite a different matter. Presenting a merely excessive claim without intent to defraud would not constitute a felony or amount to malfeasance in office. A false or fraudulent claim as distinguished from an excessive claim in this class of cases is made readily apparent when the essential facts are pleaded, and an officer is entitled to know for himself before the court should be permitted to proceed against him in some particulars as to

what he is charged with and what he has to meet in the trial of a case. The alleged "false and fraudulent claim" with which plaintiff is here charged with making, it is fair to presume, is one, or at least ought to be, a matter of public record in Beaver county. If it is of record, then it is readily accessible to the complainant county attorney in the action under consideration. In similar cases brought to the attention of this court the actual thing or acts complained of as constituting the fraud upon the county were fully set forth and pointed out in the accusation. Until that is done in this case the accusation must be held insufficient for want of facts, the plaintiff be not required to answer, nor the trial court permitted to proceed. *Skeen* v. *Craig, supra; Skeen* v. *Chambers, supra; Parker* v. *District Judge, supra; People* v. *Malony,* 145 Cal. 104, 78 Pac. 354.

It follows from what has heretofore been said that the second, third, and fourth counts in the information or accusation made against the plaintiff for failing and neglecting to perform the official duties of his office, in that he as a county commissioner failed to oppose the allowance of said alleged false and fraudulent claims respectively, should not be prosecuted against him for the same reasons, that said counts or accusations are wanting in facts.

For the reasons stated we are of opinion that the accusation filed against the plaintiff in the district court of Beaver county does not confer jurisdiction upon that court to proceed. As pointed out in the *Parker Case,* an appeal would not be an adequate remedy in this case. Therefore it is ordered that a peremptory writ issue as prayed for by plaintiff. Neither party to recover costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.