352 P.2d 778

Theodore I. GEURTS, Plaintiff,

v.

DISTRICT COURT OF SALT LAKE COUNTY, Utah, and Judge Ray Van Cott, Jr., Defendants.

No. 9274.

Supreme Court of Utah.

June 1, 1960.

Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Jay E. Banks, Dist. Atty., Salt Lake City, for respondent.

PER CURIAM.

Theodore I. Geurts was charged with malfeasance in office as City Commissioner of Salt Lake City and was proceeded against to be removed therefrom under Chapter 7 of Title 77, U.C.A.1953. The charge was in three counts: (1) that he received a real estate broker's commission on property purchased by the city; (2) that he had city employees remove certain shrubbery and top soil from the City Cemetery and haul the same in city equipment to his residence and the residence of his son-in-law; and (3) that he approved payment of overtime to certain employees for time never served. The trial court granted a motion

to dismiss count (1). The jury returned a verdict in his favor on count (3), and against him on count (2).

Subsequent to the return of the jury verdict petitioner sought a delay of the entry of judgment and petitioned this court for an extraordinary writ to prohibit the district court from entering judgment because the effect thereof would be to remove him from office pending an appeal under the provisions of Sec. 77–7–14, U.C.A.1953.

■ This case is one in which the remedy at law is clearly set forth under the statute. The legislature appears to have foreseen this very situation and expressly provided that after such a judgment, the public official "shall be suspended from his office" during an appeal.[1] It is plainly apparent that this was done for the purpose of preventing any delay in removing an official under such a judgment by using court proceedings on appeal to accomplish that objective. To grant the writ of prohibition here would result in circumventing the intended purpose of the statute, which we should not do.

■ It is well established that the Supreme Court is extremely reluctant to interfere with the regular procedures in the district court by the issuance of an extraordinary writ. Generally, errors claimed to have been committed must be reviewed on appeal.[2] The extraordinary procedure of reaching out collaterally to interrupt the regular processes established by law would be justified only if the district court were acting without jurisdiction, or clearly beyond its authority, or proceeding under a statute the constitutionality of which was in grave doubt, and someone would suffer an irreparable injury from which there is no adequate remedy provided by law.[3]

The petition for the writ is denied.

HENRIOD, Justice (dissenting).

I respectfully dissent. Doing so:

1. I think an opinion published in this case at this time to be ill-advised. We performed our function when we denied the petition. There is nothing in the main opinion that this court has not already said so far as its jurisprudential aspect is concerned. To report nationally, for all to see, a recitation of the judgment against petitioner for malfeasance in office, will cause heartache and damage to a number of people, and good to none. Such damage will be done,—even though this court later may reverse the trial court. Sufficient

1. 77–7–14, U.C.A.1953.
2. Atwood v. Cox, 88 Utah 437, 55 P.2d 377; Olsen v. District Court, 106 Utah 220, 147 P.2d 471; State ex rel. Welling v. Third Judicial District Court, 87 Utah 416, 49 P.2d 950.
3. Ibid. See also Parker v. Morgan, 48 Utah 405, 160 P. 764.

to the day thereof for us to do that which we need not do now. Hearing on the petition for writ of prohibition was not an adversary proceeding, and it was quite unlike the treatment we must give a petition for writ of habeas corpus, where there is an interdiction requiring the statement of reasons for our action in denying the petition.[1] No such requirement exists in this case, and this writer at this time can see little merit in stating them here.

2. I think the main opinion is, in effect, a premature and anticipatory adjudication on the merits of part of this case. It asserts that "the remedy at law is clearly set forth under the statute," which would seem to dispose of one of the main contentions of petitioner to the effect that the wrong procedure was pursued, a point he indicated would be made the subject of urgency on a regular, orderly appellate review.[2]

3. I believe there might be a reasonably meritorious argument as to the constitutional propriety of denying petitioner the use of the discovery process under the rules.[3] He was refused the opportunity of taking depositions of witnesses against him. The rather novel rationale for such refusal was that the action against him was half-civil and half-criminal ("quasi-criminal," it was said). Since it was "half-criminal," the "accused" or "defendant," whatever he may be called, could not take advantage of the rules of civil procedure with respect to depositions it was argued. Such reasoning seems to depart from the tradition of resolving doubts in favor of an accused person, and this writer can see more reason for according him the privilege of taking depositions in a case like this, where he is threatened with loss of civil rights, including a bar from ever holding public office again, than would be the case of trial for petit larcency, the basis here for determining malfeasance, followed by removal. Such reasoning does not lend itself to previous pronouncements of this court which have made it clear that the procedure indulged in the instant case, is to be considered strictly as a civil proceeding, not half-criminal or half-anything-else.[4]

1. Rule 65B (f) (3), Utah Rules of Civil Procedure.
2. Petitioner claims the action should have been pursued by the Attorney General instead of the District Attorney. See Rule 65B (b) (1) et seq.

3. Rule 26, U.R.C.P.
4. Skeen v. Craig, 31 Utah 20, 86 P. 487; Burke v. Knox, 59 Utah 596, 206 P. 711.