## THE PEOPLE *v.* WALLACE.

An indictment must contain a statement of the facts constituting the offence charged against the defendant. The defects of an indictment are not cured by a verdict.

In an indictment for murder, a statement of the manner of the death, and the means by which it was effected, is indispensable. It is also necessary to state the time and place, as well of the infliction of the wound, as of the death of the party, in order to fix the venue, and that it may appear on the record that the deceased died within a year and a day after receiving the injury.

APPEAL from the District Court of the Fifteenth Judicial District, County of Butte.

William Wallace was indicted and tried for the crime of murder. The material averment in the indictment is as follows :

"The said William Wallace, on or about the eighteenth day of June, A. D. 1857, at, etc., and before the finding of this indictment, did, willfully, unlawfully, feloniously, and with malice aforethought, shoot, bruise, and wound, one James Fox, upon the body of the said James Fox, with a pistol, then and there, in the hands of the said William Wallace, and by thus shooting, bruissing, and wounding, with pistol, as aforesaid, the said William Wallace did, then and there willfully, unlawfully, feloniously, and with malice aforethought, kill and murder the said James Fox, against the form of the statute," etc.

The defendant was found guilty of murder in the first degree.

Defendant's counsel thereupon moved the Court to arrest the judgment, for the following reasons :

1. Because there is no allegation in the indictment that the said James Fox, alleged to be murdered by the said William Wallace, is dead.

2. Because there is no allegation in said indictment that the said James Fox died from the effects of the wound; nor does it appear that he died within a year and a day from the time the wound was inflicted.

3. Because the indictment does not show upon what part of the body the wound was given, nor whether said wound was mortal.

There were other grounds upon which the motion in arrest of judgment was based, but as they were not taken into consideration by the Appellate Court, it is deemed unnecessary to state them.

*William H. Rhodes* for Appellant.

The Court erred in overruling the motion in arrest of judgment:

1. Because there is no allegation in the indictment, that James Fox, alleged to have been murdered, is dead. The indictment must show the death of the murdered man. Whart. Cr. L., p. 268; 1 Russell Cr. Law, 562; People v. Arro, April Term, 1856.

2. Because there is no allegation in said indictment that the deceased died from the effects of the wound received from W. Wallace. Arch. Cr. Pl., 487; Whart. Cr. L., 292.

3. Because the said indictment does not show upon what part of the body of deceased the wound was inflicted, nor does it allege that the same was mortal. Whart. Cr. L., 271; Arch. Cr. Pl., 485; Dias v. The State, 7 Black., p. 22.

*Thomas H. Williams, Attorney-General,* for the People.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The indictment in this case does not contain a statement of the facts constituting the offence charged against the defendant; and therefore no conviction could properly be had under it. In the People v. Arro, 6 Cal., 207, we held that the rule of the common law, requiring a statement of the acts constituting the offence charged to be set out in the indictment, was not changed by our statute, as the necessity of such statement was directly recognized by the one hundred and thirty-seventh section of the act.

Every offence consists of certain facts and circumstances; and the general rule is, that all the facts and circumstances contained in the definition of the offence, whether by a rule of the com-

mon law or statute, must be stated in the indictment.    (1 Whart. Cr. Plea and Prac., pp. 85, 86.)    And in indictments for murder, a statement of the manner of the death, and the means by which it was effected, is indispensable.    (1 Russell, 560; 2 Hale, P. C., 186.)    It is also necessary to state the time and place, as well of the infliction of the wound, as of the death of the party, in order to fix the venue, and that it may appear of record that the deceased died within a year and a day from the infliction of the injury.    (1 Russell, 563.)

The reasons for these requirements are:    first, that the defendant may be fully apprised of the charges against him, so that he may be prepared for his defence; second, that the record may be a bar to a future prosecution for the same offence; and third, that it should appear from the facts patent on the record, that a distinct, legally defined crime has been committed, in order that the Court may be justified in awarding judgment according to law.    The defects in the indictment are not cured by verdict, but may be taken advantage of by motion in arrest of judgment.

It follows, that the Court erred in refusing to arrest the judgment on defendant's motion.

The judgment is reversed, and the cause remanded, with directions that the indictment be set aside, and the case submitted for the action of another grand jury.