[Crim. No. 695.   First Appellate District.—December 5, 1917.]

THE PEOPLE, Respondent, v. MAURICE DE LEON, Appellant.

JUVENILE COURT LAW—CONTRIBUTING TO DELINQUENCY OF MINOR—SUFFICIENCY OF INFORMATION.—Under section 21 of the juvenile court law (Stats. 1915, p. 1246), providing that any person who shall commit any act or omit the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of twenty-one years to come within the provisions of subdivisions 1 to 13 of section 1 of the act, or which act or omission contributes thereto, shall be guilty of a misdemeanor, an information charging that the defendant was the manager of a café where intoxicating drinks were sold, and that he was present when a girl of the age of seventeen years was served with liquor, sets forth a public offense, especially in view of section 397b of the Penal Code, which makes it a misdemeanor for the proprietor or manager of any place where intoxicating liquors are sold to permit any minor under the age of eighteen years to visit such place, or to make a sale of liquor to such a person.

ID.—GUILT OF DEFENDANT—SUFFICIENCY OF EVIDENCE.—A verdict of guilty of an omission tending to delinquency in violation of section

21 of the juvenile court law, providing that any person who omits the performance of any duty which causes or tends to cause or encourage any person under the age of twenty-one years to become a delinquent, shall be guilty of a misdemeanor, is supported by evidence that the defendant was manager of the public drinking place in question, and was present when the minor entered and was served with intoxicating liquor, and that she remained there dancing and drinking for three-quarters of an hour.

ID.—OMISSIONS CAUSING DELINQUENCY—CONSTITUTIONALITY OF PROVISION.—Section 21 of the juvenile court law, providing that any person who omits the performance of any duty which causes or tends to cause or encourage any person under the age of twenty-one years to become a delinquent shall be guilty of a misdemeanor, is not unconstitutional, as being too vague and indefinite for enforcement.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Harry J. Stafford, for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, and E. E. Herrscher, Assistant District Attorney, for Respondent.

RICHARDS, J.—The defendant, Maurice De Leon, was convicted by a jury of a misdemeanor, consisting in the alleged violation of the provisions of section 21 of the juvenile court law approved June 5, 1915, by the doing or omission of acts which tended to and did encourage, cause, and contribute to the delinquency of a minor.

The information charged and the proofs showed that the said defendant was at the time of his alleged offense the manager of a café in the city and county of San Francisco known as the Paris-Louvre, where intoxicating liquors were sold and consumed; that among the duties of said defendant was that of keeping and preventing minors under the age of eighteen years from visiting said place, and of preventing the sale or delivery of any intoxicating drink to such persons therein. The evidence showed that upon the evening of February 3, 1917, while the said defendant was the manager of said café and was present and engaged in the performance of his duties

there, a girl seventeen years old visited the café with a male companion named Sawyer at about the hour of midnight, remaining about three-quarters of an hour, and that while there she ordered and was served with two gin fizzes by one of the waiters, which she drank upon the premises. The defendant admitted that he was present in the café at the time, but denied that he saw said minor there or knew of her presence; and he further offered evidence to show that there was a sign or notice at the entrance to the place stating that "No minors are allowed," and that there were also special officers employed and stationed at the entrance to the café for the express purpose of keeping minors and objectionable persons out; and that the employees of the place including the waiter had been instructed not to serve a minor with intoxicating liquor, and warned that if they or any of them did so they would be discharged.

The jury found the defendant guilty. His motion for a new trial was denied, and he was thereupon sentenced to serve a term of sixty days in the county jail; and from such verdict, order, and sentence he prosecutes this appeal.

The appellant urges three grounds for a reversal—first, that the information does not charge a public offense; second, that the evidence was and is insufficient to warrant his conviction; and third, that the section of the juvenile court law under which the defendant was prosecuted and convicted is unconstitutional.

In support of the first of these asserted grounds for a reversal the main and material contention of the appellant, aside from his attack upon the juvenile court law as unconstitutional, is his claim that the information is fatally defective in its failure to charge that the said minor ever became a delinquent within the scope and terms of the juvenile court law as the result of any acts or omissions of the defendant at the time and place in question or at all.

The language of section 21 of the juvenile court law, under which the defendant was charged and convicted, is as follows: "Any person who shall commit any act or omit the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of twenty-one years to come within the provisions of any of subdivisions 1 to 13 inclusive of section 1 of this act, or which act or omission contributes thereto . . . shall be guilty of a misdemeanor."

The subdivisions of section 1 of said law to which the foregoing section refers define a delinquent minor to be one "who is leading or from any cause is in danger of leading an idle, dissolute, lewd or immoral life." Section 397b of the Penal Code reads in part as follows: "Every person who sells, gives or delivers to any minor child, male or female, under the age of eighteen years, any intoxicating drink in any quantity whatsoever, or who, as proprietor or manager of any saloon or public house where intoxicating liquors are sold, permits any such minor child under the age of eighteen years, to visit said saloon or public house where intoxicating liquors are sold, shall be guilty of a misdemeanor."

We are of the opinion that the information in the instant case, when read in the light of the foregoing provisions of the Penal Code and of the juvenile court law, sufficiently sets forth a public offense. It expressly charges the defendant with acts and omissions in violation of the legal duty imposed upon him by the express terms of section 397b of the Penal Code; and it then proceeds to expressly charge that this breach of duty on the part of the defendant, which was in itself a misdemeanor, did manifestly tend to and did encourage, cause, and contribute to the said minor girl becoming and remaining such a person as is described in section 1 of the juvenile court law, to wit, a person under the age of twenty-one years who is leading or is in danger of leading an idle, dissolute, or immoral life.

We do not deem it necessary or proper to give to the foregoing clause of the information or the foregoing provisions of the juvenile court law the narrow and restricted construction for which the appellant herein contends. The evident object and main purpose of the juvenile court law was not so much punitive as it was preventive. Its intent was to put a barrier across the threshold of those entrances to downward ways which are open before the feet of youth. Section 397b of the Penal Code makes it a misdemeanor for any person in the position in which the defendant was to sell, give, or deliver any intoxicating drink to a minor under the age of eighteen years, or even to permit such a minor to visit the saloon or public house where such intoxicating liquors are sold—this without regard to whether the minor is evilly affected by the breach of duty which this section of the Penal Code imposes, upon the theory apparently that to visit saloons

or to drink intoxicants therein tends directly to draw them toward idle, dissolute, and immoral habits of life.

These sections of the juvenile court law were evidently drawn with this section of the Penal Code in view, and with the intent of preventing, if possible, the breach of duty which the Penal Code section aims to punish. To require the prosecution to allege and prove that the defendant's breach of duty had resulted in the minor's actual entry upon an idle, dissolute, or immoral life would be to practically nullify the beneficial objects of the law. We find no merit, therefore, in the contention of the appellant that the information fails to state a public offense.

With respect to the appellant's second point, that the evidence was insufficient to warrant a conviction, we are satisfied after a careful reading of the record that this contention is also devoid of merit.

The defendant was the manager of the public drinking place in question. His duty under section 397b of the Penal Code as well as under the terms of his employment was not to permit this minor to either visit or drink intoxicating liquor in the café of which he was the manager. He was present there when this minor girl of the age of seventeen years came with a male companion about midnight to the café, and when she not only was served with and drank intoxicating liquors, but remained there drinking and dancing for three-quarters of an hour. These admitted facts were amply sufficient to justify the jury in finding the defendant guilty of the specific breach of duty which both the Penal Code and the juvenile court law define and punish.

Finally, the appellant contends that section 21 of the juvenile court law, under which the defendant was convicted, is unconstitutional, for the reason, as his counsel assert, that said section is too vague and indefinite for enforcement, and is generally lacking in the precision which is required in penal statutes. We are not cited to any decision in this or any jurisdiction wherein this contention in respect of the unconstitutionality of juvenile court laws has been sustained, although such laws similar to that in question here have been frequently before courts of last resort during the past several years, in cases where their constitutionality has been assailed upon other grounds and wherein such laws have been uniformly upheld. (*Lindsay* v. *Lindsay,* 257 Ill. 328, [Ann.

Cas. 1914A, 1222, 45 L. R. A. (N. S.) 908, 100 N. E. 892];
*Commonwealth* v. *Fisher,* 213 Pa. 48, [5 Ann. Cas. 92, 62 Atl.
198]; *Pugh* v. *Bowden,* 54 Fla. 302, [14 Ann. Cas. 816, 45
South. 499]; *Mill* v. *Brown,* 31 Utah, 473, [120 Am. St. Rep.
935, 88 Pac. 609]; *In re Sharp,* 15 Idaho, 120, [18 L. R. A.
(N. S.) 886, 96 Pac. 563]; *Travis* v. *State,* 31 Ohio C. C. 492;
*State* v. *Dunn,* 53 Or. 304, [99 Pac. 278, 100 Pac. 258].)    The
juvenile court laws of 1909 and of 1911—which did not essen-
tially differ from the present statute—were brought several
times before the supreme court and appellate courts of this
state for consideration as to their constitutionality and by
them upheld.    (*Nicholl* v. *Koster,* 157 Cal. 416, [108 Pac.
302]; *Matter of Maginnis,* 162 Cal. 200, [121 Pac. 723];
*Moore* v. *Williams,* 19 Cal. App. 600, [127 Pac. 509].)    In
the case of *People* v. *Bergotini,* 172 Cal. 717, [158 Pac. 198],
the question of the unconstitutionality of the juvenile court
law while before the court for decision, and while argued
upon all the grounds presented in the instant case, was not
decided, the case being reversed upon other grounds; but the
chief justice in his concurring opinion used some instructive
language applicable to the case at bar.    Referring to the in-
tent of the legislature in enacting the particular section of
the statute under review in its application to the facts of that
case, he said: "To give this section such a construction as
would support the information herein or sustain this convic-
tion on the evidence introduced on the trial would necessarily
attribute to the legislature the intent thereby to make any act
or omission that in fact causes or tends to cause, encourage,
or contribute, however remotely, to the dependency or delin-
quency of a minor a crime . . . I am satisfied that the statute
before us may not reasonably be construed as including any
such case.    It is entirely fair and permissible to construe it
as referring exclusively to acts or omissions done or made
directly with relation to the minor child.    No case has been
cited, and I am able to find none, involving any other kind
of an act or omission.    For instance, one who willfully com-
mits lascivious acts in the presence of a child capable of com-
prehension or toward such child; or has immoral relations
with a child, or does with relation to the child any of the very
numerous things that may directly cause, tend to cause, or
contribute to its dependency, such acts or omissions are clearly
within the scope of the statute."

These views are directly applicable to the case and question before us in the light of the suggestions of appellant's counsel as to its possible application to supposititious cases wherein acts' innocent in themselves might be held criminal according to the whim or prejudice of some judge or jury. It is not by such extreme or fanciful standards that the validity of the statute is to be determined, but rather by the reasonableness of its application to cases like the instant one, wherein the act or omission of the defendant amounts to the breach of a definite legal duty, and is of such a nature and tendency as to affect directly the welfare of the minor. Such is the instant case; and we deem the law in question susceptible of such a reasonable construction as shall confine its application to cases of this character; and that so construed and applied it is not subject to the strictures as to its alleged unconstitutionality which are urged upon this appeal.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 31, 1918.