[Crim. No. 867. First Appellate District, Division One.—November 13, 1919.]

## THE PEOPLE, Respondent, v. WILLIAM YOUNG, Appellant.

[1] JUVENILE COURT LAW—VIOLATION OF SECTION 21—EVIDENCE.— In this prosecution for a violation of section 21 of the juvenile court law, the testimony of the complaining witness, while such as might be expected to have been given by a person of immature and feeble intellect, was not so inherently improbable as to justify the reversal of the case upon that ground by the appellate court, the jury who saw her and heard her story having believed her and rendered their verdict accordingly.

[2] ID.—SUFFICIENCY OF INSTRUCTION.—In a prosecution for a violation of section 21 of the juvenile court law, an instruction which, after stating that the defendant is charged with a violation of

said section, quotes such section in full, and also quotes the portion of section 1 of that law contained in subdivision 11 thereof, which provides that the law shall be given application to any person under the age of twenty-one years "who is leading, or from any cause is in danger of leading, an idle, dissolute or immoral life," is sufficient to inform the jury that if they find the defendant committed the acts with which he stands charged in the information, he should be found guilty of a violation of said provisions of the law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

I. M. Peckham and Harry I. Stafford for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This is an appeal from a judgment which followed the conviction of the defendant of a misdemeanor consisting in the violation of section 21 of the juvenile court law. The charging part of the information alleged as follows:

"The said William Young, on or about the twenty-sixth day of March, A. D. nineteen hundred and eighteen, at the city and county of San Francisco, state of California, did then and there willfully and unlawfully commit an act which did then and there tend to cause and encourage one Beatrice McGuire, a female person under the age of twenty-one years, to wit, of the age of eighteen years, to come within the provisions of subdivision 11 of section 1 of said juvenile court law, as follows: Said William Young did then and there willfully and unlawfully then and there have and accomplish an act of sexual intercourse with and upon the said Beatrice McGuire, said defendant William Young not being then or there the husband of the said Beatrice McGuire, all of which willful and unlawful acts and course of conduct as aforesaid did thereby then and there manifestly tend to and did encourage, cause and contribute to the said Beatrice McGuire becoming and remaining such a person as is described in section 1, subdivision

11, of the juvenile court law of the state of California, to wit, a person under the age of twenty-one years, who is leading or from any cause is in danger of leading an idle, dissolute, lewd and immoral life; contrary etc.''

[1] The first contention of the appellant is that the evidence was insufficient to warrant his conviction, the basis of this contention being that the story of the complaining witness was utterly improbable. We have examined the record with a view to determining the merit of this contention; and upon such examination we are entirely satisfied that the testimony of the complaining witness, while such as might be expected to have been given by a person of immature and feeble intellect, was not so inherently improbable as to justify the reversal of this case upon that ground; but that, on the other hand, the jury having seen the prosecuting witness and heard her story, would be the best judges of the credibility of her statements; and having believed her and rendered their verdict accordingly, we should not undertake to disturb that verdict.

[2] The next and final contention of the appellant is that the court failed to instruct the jury as to what crime the defendant was charged to have committed, and failed to give to the jury an intelligible intruction by which they would be advised as to what would constitute an offense under the sections of the juvenile court law which the defendant was charged with having violated, and particularly under section 21 thereof.

In the case of *People* v. *De Leon*, 35 Cal. App. 467, [170 Pac. 173], this court had occasion to consider the language of section 21 of the juvenile court law; and it was there held that the said section of said law was neither too vague nor too indefinite for enforcement, and that when read in view of the other sections of said law having especial reference to the delinquency and dependency of minors, it was sufficiently precise and definite to form the basis of prosecutions under its terms. In the instant case the information against the defendant charged him with the doing of specific acts which would manifestly tend to cause the minor against whom they were committed to come within the provisions of subdivision 11 of section 1 of said juvenile court law as being a person who would thereby be brought to lead or be in danger of leading an idle, dissolute, or immoral life.

The information during the course of the trial was read to the jury, and thereafter the complaining witness was examined in detail with respect to its specific charge. The jury had thus before it the particular acts with which the defendant stood charged. The court instructed the jury as follows:

"The defendant is charged with the crime of misdemeanor, to wit, a violation of section 21 of the juvenile court law of this state.

"Section 1 of the juvenile court law provides that the law shall apply to any person under the age of twenty-one years (subdivision 11) 'who is leading, or from any cause is in danger of leading, an idle, dissolute or immoral life.'

"Section 21 of the juvenile court law provides: 'Any person who shall commit any act or omit the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of twenty-one years to come within the provisions of any of subdivisions 1 to 13 inclusive of section one of this act, or which act or omission contributes thereto, or any person who shall by any act or omission, or by threats or commands or persuasion, induce or endeavor to induce any such person under the age of twenty-one years, to do or to perform any act or to follow any course of conduct, or to so live as would cause or manifestly tend to cause any such person to become or to remain a person within the provisions of any of subdivisions 1 to 13 inclusive of section one of this act, shall be guilty of a misdemeanor.' "

It will be seen that this instruction quotes section 21 of the juvenile court law in full, and that it also quotes that portion of section 1 of the juvenile court law contained in subdivision 11 thereof, which provides that the law shall be given application to any person under the age of twenty-one years, "who is leading, or from any cause is in danger of leading, an idle, dissolute or immoral life." We are satisfied that the jury was by these instructions informed that if they found that the defendant had committed the acts with which he stood charged in the information he should be found guilty of a violation of these provisions of the juvenile court law. And since, as we have seen, we have held in the case of *People* v. *De Leon, supra,* that these provisions of the juvenile court law are neither vague nor in-

definite in their terms, we cannot here say that the charge of the court which embodies those terms is so vague and indefinite that the jury would be either insufficiently instructed or be misled thereby.

As to the contention of the appellant that the juvenile court law is unconstitutional, that contention is sufficiently answered in the case of *People* v. *De Leon, supra.*

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.