[Crim. No. 898.  Second Appellate District, Division One.—October 9, 1922.]

## THE PEOPLE, Respondent, v. FRANK A. SALISBURY, Appellant.

[1] JUVENILE COURT ACT—EFFECT OF ACTS OF DEFENDANT—INSUFFICIENT INFORMATION.—An information charging a defendant with having committed an act of sexual intercourse with a female of the age of about nineteen years does not charge any offense under the provisions of the Juvenile Court Act, where such information does not allege that the acts of the defendant tended to encourage such minor to become a person of the character described in section 1 of that act.

[2] ID.—EVIDENCE — VERDICT — INSUFFICIENT INFORMATION — AFFIRMANCE ON APPEAL.—The fact that the evidence would have sustained the verdict of guilty if the information had described the commission, by defendant, of a criminal offense does not entitle the state to an affirmance when the information is so defective that no crime is charged, and particularly when, as in this case, the objections made by the defendant were continually urged upon the attention of the court. Under such circumstances, section 4½ of article VI of the constitution does not apply.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Reversed.

The facts are stated in the opinion of the court.

Farnsworth, McClure & Burke for Appellant.

U. S. Webb, Attorney-General, for Respondent.

CONREY, P. J.—The charge against the defendant is contained in an information whereby the defendant was accused by the district attorney of the crime of misdemeanor, to wit, contributing to the delinquency of a minor, committed as follows: "The said Frank A. Salisbury on or about the 8th day of March, A. D. One Thousand Nine Hundred and Twenty-one, at the County of Tulare, State of California, and before the filing of this Information, did willfully and unlawfully have and accomplish an act of sexual intercourse with and upon one Mary Schlotthauer, a female under the age of twenty-one years, to-wit, of the age of about nineteen years,

the said Mary Scholtthauer not being then and there the wife of the said Frank A. Salisbury, contrary to the form, force and effect of the Statute in such cases made and pro· vided, and against the peace and dignity of the People of the State of California.'' It is of course apparent that this information did not charge the crime of rape, or any other offense denounced by the Penal Code. Although it does not appear by any statement in the record that the proceedings were under the juvenile court law, or that the defendant was tried before the superior court sitting as a juvenile court, it is claimed on behalf of the people that the prosecution was for an offense committed under the provisions of the Juvenile Court Act (Stats. 1915, p. 1225). Section 21 of that act provides, among other things, that any person who shall commit any act which causes or tends to cause or encourage any person under the age of twenty-one years to come within the provisions of any of subdivisions one to thirteen, inclusive, of section one of this act, or contributes thereto, shall be guilty of a misdemeanor; ''and the superior court, sitting as a juvenile court, shall have original jurisdiction over all such misdemeanors.'' According to section 1 of the juvenile court law, and subdivision 11 thereof, any person under the age of twenty-one years ''who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd or immoral life'' is a person to whom the act applies.

[1] Appellant contends that by the information he was not charged with any offense under these provisions of the juvenile court law. He insisted upon this objection at all stages of the proceedings. He made this objection by demurrer to the information, by motion to strike out and vacate the information, and by motion in arrest of judgment. In all of the analogous cases to which we have been referred in which judgments of conviction under this law have been brought up for review, it has been definitely charged that the alleged acts of the defendant tended to encourage the minor to become a person of the character described in section 1 of the juvenile court law, or words of equivalent import have been used. In the absence of any such allegations in the charge presented in this case, it unfortunately results that the information fails to charge facts sufficient to constitute any crime. Although she was under the age of twenty-one years, the woman in this case

was more than eighteen years of age,—that is to say, above the age of consent. But so far as shown by the information, the act described may have been accomplished by force and violence and wholly against her will. And on this assumption the case for the people is not aided, since it is conceded that the information was not sufficient to charge the crime of rape. In *People* v. *Cruse,* 24 Cal. App. 497 [141 Pac. 936], following the statement of testimony tending to show that a forcible rape had been committed, this court held that upon that evidence alone the offense of contributing to the dependency of the girl named would not appear to have been committed. The court said: "Upon the case thus made, viewed in the light of this evidence introduced by the prosecution, it would seem that the girl was not a dependent or delinquent child, for it could not be properly said that, with the disposition thus ascribed to her and the fact that the act of intercourse committed with her was accomplished by force and against her will, there was danger of her 'growing up to lead an idle, dissolute or immoral life.' It might as well be said where, for instance, a married woman is assaulted and outraged and she chances to be under the age of twenty-one years, that she thereupon becomes a delinquent person and that the perpetrator of the outrage could be prosecuted as one having caused the woman to become of that character."

We deem it unnecessary to discuss other errors relied upon by appellant. [2] The fact that the evidence would have sustained the verdict if the information had described the commission, by defendant, of a criminal offense does not entitle the state to an affirmance when the information is so defective that no crime was charged, and particularly when, as in this case, the objections made by the defendant were continually urged upon the attention of the court. Under such circumstances, section 4½ of article VI of the constitution does not apply to the case.

The judgment is reversed.

Shaw, J., and James, J., concurred.