[Crim. No. 1273.   First Appellate District, Division One.—March 31, 1926.]

# THE PEOPLE, Appellant, v. VICTOR LAMANUZZI, Respondent.

[1] JUVENILE COURT LAW—PURPOSE OF SECTION 21—CONSTRUCTION.—
The purpose of section 21 of the Juvenile Court Law is to
prevent minors from being brought within any of the provisions
of subdivisions 1 to 13, inclusive, of section 1 of the act; and
the penal provisions thereof apply to acts or omissions which in a
given case tend to that result without regard to their actual
effect upon the minor, and these acts or omissions may or may
not be penal offenses under the provisions of other statutes,
their character for the purposes of the act being determined by
their effect or tendency.

[2] ID.—TENDENCY OF ACT OR OMISSION CHARGED—PLEADING.—Where
the gravamen of the offense under section 21 of the Juvenile
Court Law is the tendency of an act or omission it is, according
to the general rule applicable to criminal pleadings, essential to
the complete description of the crime that it be alleged that the
act or omission charged tended to have the effect designed to be
prevented.

[3] ID.—SALE OF LIQUOR TO MINOR—TENDENCY OF ACT—INSUFFICIENCY
OF ALLEGATION.—The allegation in an information purporting to
charge a violation of section 21 of the Juvenile Court Law that
the act of defendant in selling and furnishing intoxicating liquor
to a minor caused or tended to cause said minor to visit a place
where intoxicating liquor was sold, and to have intoxicating liquor
in his possession, was insufficient to show that defendant's acts
tended to bring such minor within any of the provisions of the
Juvenile Court Law.

[4] ID.—PLEADING—INFORMATION—INFERENCES.—As a general rule, no
inferences of facts not alleged can be invoked to aid an indict-
ment, which must charge the crime in words, and an exception
to this rule is the case wherein ultimate facts are alleged in an
indictment or information from which but one conclusion can fol-
low and such conclusion necessarily follows from the facts alleged,
in which case the pleading is sufficient, though the conclusion is
not directly alleged.

[5] ID.—STATEMENT OF OFFENSES—ULTIMATE FACTS—OMISSION OF—
DEMURRER.—A defendant is entitled under any statute to a clear

1. See 14 Cal. Jur. 154.
2. See 14 Cal. Jur. 160.
4. See 14 Cal. Jur. 48; 14 R. C. L. 175.
5. See 14 Cal. Jur. 45; 14 R. C. L. 173.

statement of the offense with which he is charged; and where the ultimate facts necessary to a complete description of the offense have been omitted from the pleading, and such facts do not follow as a necessary conclusion from the allegations contained therein, a demurrer to the information is properly sustained.

---

(1) 31 C. J., p. 1102, n. 55, 56. (2) 31 C. J., p. 694, n. 21. (3) 33 C. J., p. 733, n. 9. (4) 31 C. J., p. 659, n. 72, 73, 77, p. 671, n. 37, 38, p. 693, n. 16. (5) 31 C. J., p. 661, n. 95, p. 819, n. 19, 30.

APPEAL from an order of the Superior Court of Fresno County sustaining demurrer to information. Denver S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Wm. F. Cleary, Deputy. Attorney-General, George R. Lovejoy, District Attorney, and William A. White and C. M. Ozias, Deputies District Attorney, for Appellant.

Lindsay & Gearhart for Respondent.

CASHIN, J.—An information was filed against respondent in the superior court in and for the county of Fresno, the pleading consisting of three counts identical in form with the exception of the date on which the act charged was alleged to have been committed and the names of certain minors connected therewith. The minors mentioned were two boys both aged seventeen years and a girl of the age of fifteen years. The charge in each count, as shown by the language of the first, which we quote, was as follows: "Victor Lamanuzzi is accused . . . of the crime of misdemeanor, to wit, violation of section 21 of the Juvenile Court Laws committed as follows: The said Victor Lamanuzzi on or about the 1st day of November, 1924, at and in the said county of Fresno and state of California, and prior to the filing of this information, did wilfully, unlawfully and knowingly commit certain acts, to wit, sell and furnish wine, said wine being then and there fit for use for beverage purposes, and then and there containing more than one-half of one per cent of alcohol by volume, to Bud

Stoffers, which caused and tended to cause the said Bud Stoffers, a minor child of the age of seventeen years, to visit a place where intoxicating liquor was sold, bartered, exchanged and given away, to have intoxicating liquor in his possession, which said intoxicating liquor was then and there fit for use for beverage purposes and then and there contained more than one-half of one per cent of alcohol by volume. All of which is contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the people of the state of California.''

Respondent demurred generally and specially to each count, alleging that the facts stated therein did not constitute a public offense; that the pleading did not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code, and that more than one offense was charged therein and not charged in the manner provided in section 954 of the Penal Code, in that defendant was therein charged with causing and tending to cause the minor named to visit a place where intoxicating liquor was sold, bartered, exchanged, and given away, and also charged with having caused and tended to cause the minor to have intoxicating liquor in his possession, the offenses not being separately stated. The demurrer to each count was sustained upon all the grounds, and the People, having declined to amend, appeal from the order.

[1] The purpose of section 21 of the Juvenile Court Law (Stats. 1915, p. 1246), is to prevent minors from being brought within any of the provisions of subdivisions 1 to 13, inclusive, of section 1 of the act; and the penal provisions thereof apply to acts or omissions which in a given case tend to that result without regard to their actual effect upon the minor (*People* v. *DeLeon,* 35 Cal. App. 467 [170 Pac. 173]). These acts or omissions may or may not be penal offenses under the provisions of other statutes, their character for the purposes of the act being determined by their effect or tendency (*People* v. *Baker,* 38 Cal. App. 28 [175 Pac. 88]). [2] Where the gravamen of the offense under the section mentioned is the tendency of an act or omission it is, according to the general rule applicable to criminal pleadings, essential to a complete description of the crime that it be alleged that the act or omission charged

tended to have the effect designed to be prevented (*People* v. *Salisbury,* 59 Cal. App. 299, 300 [175 Pac. 88]; Joyce on Indictments, sec. 375; *People* v. *Dunlap,* 113 Cal. 72, 73 [45 Pac. 183]; *People* v. *Robles,* 117 Cal. 681 [49 Pac. 1042]).

[3] In the instant case the information charged respondent with acts which were in violation of certain provisions of section 397b of the Penal Code, reading as follows: "Every person who sells, gives or delivers to any minor child, male or female, intoxicating liquor in any quantity whatsoever . . . is guilty of a misdemeanor," it not being directly alleged therein that the acts tended to bring the minor within any of the provisions of the Juvenile Court Law, unless the allegations that the act caused or tended to cause the minor to have intoxicating liquor in his possession and to visit a place where intoxicating liquor was sold, bartered, exchanged and given away, may be said to be equivalent thereto.

[4] Following the general rule the court in *People* v. *Robles, supra,* held that although, as a matter of evidence, inferences may be drawn by a jury from circumstances indicating the guilt of a defendant, yet no inferences of facts not alleged can be invoked to aid an indictment, which must charge the crime in words, and is demurrable if it fails to charge it in express terms. In conformity with this rule it was held in *People* v. *Salisbury, supra,* that an information charging acts of sexual intercourse with a female under the age of twenty-one years not the wife of defendant was, in the absence of allegations that the acts charged tended to encourage the minor to become a person within the provisions of the Juvenile Court Law, insufficient. The one exception to the rule stated is the case wherein ultimate facts are alleged in an indictment or information from which but one conclusion can follow and such conclusion necessarily follows from the facts alleged, in which case the pleading is sufficient, though the conclusion is not directly alleged (*People* v. *Tinnen,* 49 Cal. App. 18, 23 [192 Pac. 557]). In the instant case it was not alleged that the possession by the minor following the sale and delivery was unlawful or that the liquor was consumed by him. The language of section 397b of the Penal Code is sufficiently broad to include a sale or delivery of intoxicating liquor

to a minor under the age of eighteen years upon a physician's prescription, whether issued directly to the minor or to one not its parent or guardian, irrespective of the innocent character of the purpose for which the sale or delivery was made, or whether the minor was aware of the intoxicating nature of the liquor. Such possession, however, would not in every case be unlawful or inconsistent with an innocent and proper purpose; nor would the fact of an illegal sale or delivery followed by possession under all circumstances necessarily or manifestly tend to bring the minor within any of the provisions of the Juvenile Court Law. Whether such was the tendency of the act charged would be dependent upon the nature of the transaction (*People* v. *Baker, supra*); and where, as here, such tendency as an ultimate fact does not follow as a necessary conclusion from the allegations the information is not brought within the exception mentioned. The charge that the act caused the minor to visit a place where intoxicating liquor was sold, bartered, exchanged, and given away was not an allegation which, if proved, would bring the minor within the provisions of subdivision 7 of section 1 of the law, which requires the habitual visiting of such places not in company with the parent or guardian of the minor; nor would the visit alleged or the possession of liquor, which, so far as alleged, was not unlawful, as a necessary conclusion, cause or tend to cause the minor to frequent the company of criminals or persons so reputed; to habitually use intoxicating liquor; to lead or be in danger of leading an idle, dissolute, lewd, or immoral life, or to violate the law within the provisions of subdivisions 6, 8, 11, or 13 of the section last mentioned.

[5] A defendant is entitled under any statute to a clear statement of the offense with which he is charged (*People* v. *Bergotini,* 172 Cal. 717 [158 Pac. 198]); and where the ultimate facts necessary to a complete description of the offense have been omitted from the pleading, and such facts do not follow as a necessary conclusion from the allegations contained therein, a demurrer to the information is properly sustained.

The order is affirmed.

Tyler, P. J., and Knight, J., concurred.