[Crim. No. 4568.   Second Dist., Div. One.   Nov. 1, 1950.]

In re GUY DIGIURO, on Habeas Corpus.

Frank Desimone for Petitioner.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and Leland C. Nielsen, Deputy City Attorney, for Respondent.

DORAN, J.—Petitioner was convicted in the municipal court of failing to register as required by a municipal ordinance which provides that certain "convicted persons" must register and was sentenced to 180 days in jail. It appears that petitioner had registered but did not reregister following a change of residence.   Petitioner, in 1934, had been convicted in the federal court of passing and attempting to pass a "certain falsely made, forged and counterfeited obligation of the United States of America, to-wit: a Federal Reserve Note." The ordinance provides in part that "Any person who, subsequent to January 1, 1921, has been or hereafter is convicted of an offense "punishable as a felony in the State of California, or who has been or is hereafter convicted of any offense in any place other than the State of California, which offense, if committed in the State of California, would have been punishable as a felony . . ." etc., shall register with the chief of police.

It is contended that the offense of which petitioner was convicted is not a felony because the act amounts only to a violation of section 648 of the Penal Code which, for the first offense, is punishable only as a misdemeanor, hence does not come within the ordinance. Respondent however points out that the act is also a violation of section 470 of the Penal Code which is a felony. ■ It is well settled that where an act is punishable under two or more sections of the code it may be prosecuted under either. ■ But that fact which constitutes an indispensable element of the alleged crime is not included in the complaint. Moreover the complaint does not allege that petitioner was ever "convicted" of anything. The mere failure to register is not a violation. The ordinance contains numerous conditions and acts, the existence of either one or more of which are also necessary to constitute the offense. It is elementary, indeed the Constitution of the United States provides, that the accused shall be "informed of the nature and cause of the accusation" (6th Amendment). Moreover, section 952 of the Penal Code recites that the accused is entitled to a statement of the alleged offense in "words sufficient to give the accused notice of the offense of which he is accused." All that the complaint alleges is that the petitioner "being a person required to register," failed to register. The expression, "being a person required to register," obviously is merely a conclusion. *Why* defendant was required to register, which is the gravamen of the offense, is not alleged. Such a pleading falls far short of the elementary requirements as noted above.

Objections to the sufficiency of the complaint and to the introduction of any evidence on the grounds that the complaint "did not state facts sufficient to constitute a public offense" were made at the commencement of the trial and overruled. The same objections were reviewed at the time judgment was pronounced and denied.

The writ is granted and it is ordered that petitioner be discharged.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied November 15, 1950, and the following opinion was then rendered:

THE COURT—In the application for a rehearing, it is argued that the accusation is sufficient because it alleges that

the defendant, "being a person required to register under the provisions of Sec. 52.38 to 52.43 inclusive of the Los Angeles Municipal Code who, changed his place of residence, stopping place and living quarters, did wilfully and unlawfully fail within 48 hours after such change to notify the Chief of Police of the address of his new residence, stopping place and living quarters in the same manner and with the same detailed information as in required in the filing of the original statements under the provisions of Sec. 52.39 of said code." It is contended that this complies with section 1426 of the Penal Code. The latter section provides that the alleged complaint must set forth "the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of and to answer the complaint" or "it may be in the words of the enactment describing the offense." This section, in effect, is the equivalent of section 952 of the Penal Code, although perhaps more specific. The complaint falls far short of these elementary requirements.

It is also contended that habeas corpus is not available in the circumstance, citing numerous cases. Section 4b of article VI of the California Constitution, and article I, section 9 of the United States Constitution determine the authority and duty of the courts with regard to habeas corpus.