[Crim. No. 3109.   First Dist., Div. Two.   June 20, 1955.]

THE PEOPLE, Respondent, v. THOMAS G. KENNEDY, Appellant.

Kenneth C. Zwerin for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and William M. Bennett, Deputy Attorney General for Respondent.

NOURSE, P. J.—Defendant was tried to a jury on an information charging a violation of section 288a of the Penal Code. The jury, following an instruction that it was a lesser and included offense found the defendant guilty of a violation of section 702 of the Welfare and Institutions Code (contributing to the delinquency of a minor). The evidence overwhelmingly supported the verdict. That relating to the crime charged was of doubtful sufficiency. The trial court instructed the jury that section 702 stated a minor offense to that denounced in section 288a of the Penal Code and that the jury could find defendant guilty of that offense. The verdict of

guilty of the minor offense followed. This instruction causes the whole attack on the judgment.

■ The error begins with the information. It charges a violation of section 288a alone. Under this charge evidence of a violation of section 702 was not admissible and was not proof of the crime charged. If a violation of section 702 was to be tried it should have been charged in the information.

■ Hence, the instruction that the jury could find defendant guilty of the minor offense of contributing was error because a violation of section 702 was only possible if the other party was a minor. This is so because of the provisions of section 1159 of the Penal Code which reads "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." It cannot be said that the "lesser" offense was "necessarily" included in the crime charged because here the lesser offense of contributing was applicable only in the event that the victim was a minor of less than twenty-one years of age, an element not required for the crime charged.

Having acquitted the defendant on the only charge made in the information (violation of Pen. Code, § 288a), the jury was without power to convict him of a violation of section 702 of the Welfare Code.

Support for these views is found in *People* v. *Greer,* 30 Cal.2d 589 [184 P.2d 512] ; *People* v. *Krupa,* 64 Cal.App.2d 592 [149 P.2d 416] ; *People* v. *Whitlow,* 113 Cal.App.2d 804 [249 P.2d 35].

Judgment reversed.

Dooling, J., and Kaufman, J., concurred.