[Crim. No. 5672. In Bank. Oct. 4, 1955.]

In re TROY CLIFFORD HESS on Habeas Corpus.

Bruce A. Werlhof and Robert W. Trimble for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

TRAYNOR, J.—In April 1954, petitioner, who was then 17 years of age, was charged by an information with "the crime of RAPE, a felony, in violation of Section 261, subdivision 3, of the Penal Code of the State of California (Forcible), committed as follows:

"The said TROY CLIFFORD HESS, on or about the 11th day of April A.D. 1954, in the said County of El Dorado, in the said State of California, and before the filing of this informa-

tion, did then and there willfully, unlawfully, feloniously, and with force and violence, have and accomplish an act of sexual intercourse with and upon . . . ., a female person, who was not then and there the wife of the said defendant, Troy Clifford Hess, without the consent and against the will of the said . . . ., and she, the said . . . ., then and there resisted the accomplishment of said act of sexual intercourse, but her resistance was then and there overcome by force and violence used upon and against the said . . . ., by said defendant, Troy Clifford Hess.'' (Name of alleged victim deleted.)

The jury returned a verdict finding petitioner guilty of contributing to the delinquency of a minor. (Welf. & Inst. Code, § 702.) A judgment of conviction was entered on the verdict, and petitioner was committed to the Youth Authority for the time prescribed by law. He did not appeal and the judgment became final. He now seeks his discharge on habeas corpus.

Petitioner contends that he was acquitted of the charge of forcible rape, that contributing to the delinquency of a minor is not an offense necessarily included in the crime of rape, and that the court therefore acted in excess of its jurisdiction in entering a judgment of conviction of that offense against him.

In support of his contention that defendant's conviction of contributing to the delinquency of a minor was proper on the ground that that offense is necessarily included in the offense with which he was charged, respondent makes the following argument: (1) there is but one crime of rape, and the six subdivisions of section 261 of the Penal Code merely state six different ways of committing the same crime. (*People* v. *Craig*, 17 Cal.2d 453, 455 [110 P.2d 403]) ; (2) contributing to the delinquency of a minor is necessarily included in a charge of statutory rape (*People* v. *Greer*, 30 Cal.2d 589, 596 [184 P.2d 512]) ; (3) therefore, contributing to the delinquency of a minor is necessarily included in the crime of rape, regardless of which of the subdivisions of section 261 defendant is alleged to have violated. This argument is internally inconsistent and self-destructive. If all of the definitions of rape must be considered in determining what are necessarily included offenses, the conclusion is inescapable that contributing to the delinquency of a minor is not a necessarily included offense since rape of the kinds described in subdivisions 2-6 of section 261 could be committed on a woman

21 years of age or more. Thus, to accept respondent's argument would create an inconsistency with a series of cases (*People* v. *Greer, supra,* 30 Cal.2d 589, 597-598 and cases cited; *People* v. *Chapman,* 81 Cal.App.2d 857, 863-866 [185 P.2d 424]) holding that contributing to the delinquency of a minor is necessarily included in statutory rape, for those cases are based on the premise that statutory rape is a special kind of rape and that every commission of that offense will contribute to the delinquency of a minor.

Nor are the holdings in those cases inconsistent with the holding in *In re Craig, supra,* 17 Cal.2d 453. In that case it was held that the defendant could not be convicted on two counts merely because he committed a forcible rape on a victim under 18 years of age. Although it was stated in the Craig case that the six subdivisions of section 261 of the Penal Code "merely define the circumstances under which an act of intercourse may be deemed an act of rape; they are not to be construed as creating several offenses of rape based upon that single act" (17 Cal.2d at 455), that statement must be read in light of the problem then before the court, that is, whether the defendant could be doubly punished for a single act. ■ Under section 654 of the Penal Code it is clear that double punishment would be improper (*In re Chapman,* 43 Cal.2d 385, 389-390 [273 P.2d 817]; *People* v. *Knowles,* 35 Cal.2d 175, 187-189 [217 P.2d 1]; *People* v. *Slobodion,* 31 Cal.2d 555, 561-563 [191 P.2d 1]), regardless of whether there is but one offense or six different offenses of rape.

Section 1159 of the Penal Code provides that "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged. . . ." ■ "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." (*People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512]; see also *People* v. *Kehoe,* 33 Cal.2d 711, 713 [204 P.2d 321].) ■ Forcible rape (Pen. Code, § 261, subd. 3), can be committed without contributing to the delinquency of a minor, e. g., forcible rape of a woman 21 years of age or more. The latter offense, therefore, is not necessarily included in the former. (*People* v. *Kennedy,* 133 Cal.App.2d 693, 694 [284 P.2d 898].)

■ A person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by

indictment or information, whether or not there was evidence at his trial to show that he had committed that offense. (*People* v. *Smith,* 136 Cal. 207, 208 [68 P. 702] ; *People* v. *Arnett,* 126 Cal. 680, 681 [59 P. 204] ; *People* v. *Wallace,* 9 Cal. 30, 32; *In re Colford,* 68 Cal.App. 308, 311 [229 P. 63] ; *People* v. *Arnarez,* 68 Cal.App. 645, 648, 651 [230 P. 193] ; *People* v. *Akens,* 25 Cal.App. 373, 376 [143 P. 795] ; see also *People* v. *Mahony,* 145 Cal. 104, 107-109 [78 P. 354] ; Pen. Code, §§ 950, subd. 2, 1159, 1426.) The information charging forcible rape in the present case did not advise petitioner that he must be prepared to controvert evidence that his alleged victim was under the age of 21 years and to defend a charge of having committed an act that would tend "to cause or encourage any person under the age of 21 years" to become a delinquent. (Welf. & Inst. Code, § 702; see also *People* v. *Lamanuzzi,* 77 Cal.App. 301, 303-304 [246 P. 557] ; *People* v. *Salisbury,* 59 Cal.App. 299, 300-301 [210 P. 642] ; *People* v. *Akens, supra,* 25 Cal.App. 373, 374-375.) Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial. (*In re Oliver,* 333 U.S. 257, 273 [68 S.Ct. 499, 92 L.Ed. 682] ; *Cooke* v. *United States,* 267 U.S. 517, 536-537 [45 S.Ct. 390, 69 L.Ed. 767] ; *In re Digiuro,* 100 Cal.App.2d 260, 261 [223 P.2d 263] ; see also *People* v. *Robinson,* 107 Cal.App. 211, 217 [290 P 470].)

Since it appears from the judgment roll (*cf. In re Bell,* 19 Cal.2d 488, 500-505 [122 P.2d 22]) that the offense of contributing to the delinquency of a minor was not charged against petitioner in the information, that it is not necessarily included in the offense that was charged therein, and that the court therefore acted in excess of its jurisdiction in entering a judgment of conviction of that offense against him, his imprisonment under that judgment of conviction is unlawful.

It is contended, however, that petitioner is not entitled to be discharged but must be remanded to the custody of the sheriff of the county in which he was tried since the warrant under which he was held by that sheriff has not been superseded by a valid judgment of conviction or acquittal. (*In re McCoy,* 32 Cal.2d 73, 77 [194 P.2d 531].) Had the offense of contributing to the delinquency of a minor been an offense necessarily included in the offense charged, the verdict finding petitioner guilty of the former offense would have constituted

an acquittal of the latter. (*People* v. *Greer*, 30 Cal.2d 589, 598 [184 P.2d 512], and cases cited.) Moreover, in such a case, by attacking the validity of the conviction for the lesser offense, petitioner would not waive his right to rely on that acquittal as a binding adjudication that he was not guilty of the greater offense charged. (*People* v. *Gordon*, 99 Cal. 227, 229-232 [33 P. 901]; *People* v. *McFarlane*, 138 Cal. 481, 486 [71 P. 568, 72 P. 48, 61 L.R.A. 245]; *People* v. *Smith*, 134 Cal. 453, 455 [66 P. 669]; *People* v. *Apgar*, 35 Cal. 389, 391; *People* v. *Gilmore*, 4 Cal. 376, 377 [60 Am.Dec. 620].) This rule is based on the theory that the jury, by returning a verdict of guilty of the lesser offense returns an implied verdict of not guilty of the greater offense, and that any error affecting the express verdict of guilty does not affect the conclusiveness of the implied verdict of acquittal. (*People* v. *Gordon*, *supra*; *People* v. *Gilmore*, *supra*.) The theory of these cases is equally applicable in the present case. Petitioner was charged with and tried for the crime of forcible rape, and it must be presumed that the jury concluded that he was not guilty of that offense before they considered whether he should be convicted of what they erroneously believed to be a lesser included offense. Accordingly, by finding defendant guilty of contributing to the delinquency of a minor, being in the terms of the verdict, ''a lesser offense included in the offense charged in the information,'' the jury acquitted defendant of the offense charged, and with respect to that charge he is entitled to his release. *People* v. *Curtis*, 76 Cal. 57 [17 P. 941], which held that a verdict of guilty of an offense neither charged nor included in the offense charged in the information was a nullity for all purposes, is inconsistent with the reasoning of the cases cited above and is overruled.

Finally it should be noted that neither the granting of the writ in this case nor petitioner's invalid conviction of contributing to the delinquency of a minor will prevent his being properly charged with and tried for that offense. Even if it is assumed that he has been in jeopardy with respect to such contributing, despite the failure of the information to charge that offense or one in which it was included, by failing to object to the entry of judgment on the defective verdict and by collaterally attacking the judgment in this proceeding petitioner has impliedly waived any objection to being retried on the charge of which he was improperly convicted. (*People* v. *Ham Tong*, 155 Cal. 579, 581-584 [102 P. 263, 132 Am.St.Rep. 110, 24 L.R.A.N.S. 481]; *People* v.

*Travers,* 73 Cal. 580, 582 [15 P. 293] ; *People* v. *Murat,* 45 Cal. 281, 285; *People* v. *Kelly,* 132 Cal.App. 118, 122 [22 P.2d 526] ; *People* v. *Sachau,* 78 Cal.App. 702, 705-709 [248 P. 960] ; *In re Colford, supra,* 68 Cal.App. 308, 311-312; *In re Davis,* 68 Cal.App. 801 [229 P. 1114] ; *In re Evans,* 68 Cal. App. 802 [229 P. 1114].)

 The writ of habeas corpus is granted, the return to the order to show cause shall stand as the return to the writ, the petitioner is discharged, and his bail is exonerated.

Gibson, C. J., Carter, J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—In *People* v. *Greer,* 30 Cal.2d 589 [184 P.2d 512], the defendant had been tried upon separate charges of contributing to the delinquency of a minor (Welf. & Inst. Code, § 702) and "violations of Penal Code, sections 261(1) (statutory rape) and 288 (lewd and lascivious conduct)." He was convicted of contributing to delinquency but the jurors disagreed as to the other offenses. In the second trial, he pleaded double jeopardy as a bar to further prosecution upon the charges as to which the former jury had disagreed. This court reversed a judgment of conviction for failure of the trial court to allow proof of the former prosecution. "It is true," said the court, "that each offense is stated differently in the codes and that defendant could have contributed to the delinquency of a minor without committing statutory rape or a lewd and lascivious act. (Citation.) Nevertheless, the converse is not true. We are holding, not that these offenses are identical, but that every violation of sections 261(1) and 288 necessarily constitutes a violation of section 702 and that therefore the offense defined in section 702 is an offense necessarily included in the offenses defined in sections 261(1) and 288." (30 Cal.2d p. 598.)

In effect, if not explicitly, the Greer case holds that statutory rape, as defined in section 261, subd. 1, of the Penal Code is a specific offense of which one may be convicted. No other conclusion would support the result reached, because the offense of contributing to the delinquency of a minor would not necessarily be established by proof of conduct which would support a conviction of rape under the circumstances enumerated in the other subsections of section 261. However, in *People* v. *Craig,* 17 Cal.2d 453 [110 P.2d 403], this court held that section 261 specifies only *one* criminal offense which may

be committed under the different circumstances enumerated in the subsections.

Upon this analysis of section 261, Craig's conviction of two counts of rape was reversed as to one of them because both were based upon the one act of forcible intercourse committed with a 16-year-old girl. The court said: "Under this section [Pen. Code, § 261], but one punishable offense of rape results from a single act of intercourse, although that act may be accomplished under more than one of the conditions or circumstances specified in the foregoing subdivisions. These subdivisions merely define the circumstances under which an act of intercourse may be deemed an act of rape; they are not to be construed as creating several offenses of rape based upon that single act." (P. 455.) Quoting from *People* v. *Venable*, 25 Cal.App.2d 73 [76 P.2d 523], the court stated the test for determining "whether one or more offenses result from a single act or transaction," as being " 'the *identity of the offenses* as distinguished from the identity of the transactions from which they arise. A defendant may be convicted of two separate offenses arising out of the same transaction when each offense is stated in a separate count and when the two offenses differ in their necessary elements and one is not included *within the other.*" (P. 457.)

In the Craig case, the court rejected the argument that four separate offenses are specified by section 261 and distinguished cases in which convictions for two or more offenses arising out of the same act were upheld. "In the cited instances, the one act or transaction either injured or affected two or more victims or ran counter to two or more separate and distinct statutes defining different crimes with different elements. In many instances the violation of these separate statutes was complete at different stages of commission of the single act or transaction. . . . But none of the foregoing distinguishable characteristics is here present. There is only one victim. There has been a violation of but one statute—section 261 of the Penal Code. And, while the proof necessarily varies with respect to the several subdivisions of that section under which the charge may be brought, the sole punishable offense under any and all of them is the unlawful intercourse with the victim." (P. 458.)

Certainly, rape committed upon an adult has nothing whatever to do with contributing to the delinquency of a minor, and one is not given adequate notice of the possibility of being prosecuted for the latter offense by an indictment which

charges forcible rape. For that reason, I concur in the judgment. However, in my opinion, the distinction drawn by the majority between the Craig and Greer cases does not fully resolve the apparent conflict between those two decisions. Although they were decided on different factual bases, they state conflicting definitions of the offense of rape. The definition of an offense is important both to the state and to the accused, and conflicts in definition should be eliminated.

SHENK, J.—I dissent.

The petitioner was charged with forcible rape as denounced by subdivision 3 of section 261 of the Penal Code. Upon his plea of not guilty the cause went to trial before a jury. As revealed by the record, the petitioner stated that he, with the prosecuting witness and some other young people, parked their car near the side of a mountain road in El Dorado County; that he was left alone in the car with the prosecuting witness and that they moved into the back seat of the car; that "necking" and "fondling" were engaged in willingly by the girl, culminating in a voluntary act of sexual intercourse. The prosecuting witness stated that she entered the back seat willingly, but immediately remonstrated with the petitioner to discontinue his advances; that instead of following her request he became more brutal and aggressive, bruising her neck, face, ribs, and forcibly consummating an act of intercourse.

The trial court instructed the jury that contributing to the delinquency of a minor as denounced by section 702 of the Welfare and Institutions Code was a crime included within the offense charged in the information. The evidence was sufficient to support a conviction of forcible rape as charged; but the jury, obviously choosing to relieve the petitioner of the more serious charge, found him "guilty of contributing to the delinquency of a minor in violation of section 702 of the Welfare and Institutions Code of the State of California, being a lesser offense included in the offense charged in the information."

Under the law of this state the trial court was justified in so instructing the jury, and in turn it was within the province of the jury to follow those instructions and return the verdict in the form quoted. It is only by specious reasoning and overruling former cases in this state on the subject that the majority has ordered the release of the petitioner.

Section 702 of the Welfare and Institutions Code provides

that any person who commits an act which causes or tends to cause or encourage any person under the age of 21 years to come within the provisions of any of the subdivisions of section 700 is guilty of a misdemeanor. Subdivision k of section 700 includes anyone ''who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd, or immoral life.'' A voluntary act of sexual intercourse with a female under the age of 21 years is unquestionably sufficient to bring the petitioner within section 702. (See *People* v. *Greer*, 30 Cal.2d 589 [184 P.2d 512] ; *People* v. *Young*, 44 Cal.App. 279 [186 P. 383] ; *People* v. *Camp*, 42 Cal.App. 411 [183 P. 845] ; 15 Cal.Jur.2d, Delinquent Children, § 29.) The question then is whether the offense against a female under the age of 21 years is a crime included within the crime of rape as denounced in section 261 of the Penal Code.

Penal Code, section 1159, as amended in 1951 provides that ''The jury, or the judge if a jury is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged. . . .'' In *People* v. *Greer, supra*, 30 Cal.2d 589, at page 596, it was said by Mr. Justice Traynor for an unanimous court that ''The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.'' The majority view of the present case stands or falls on the statement in the opinion that ''Forcible rape (Pen. Code, § 261, subd. 3) can be committed without contributing to the delinquency of a minor, e.g., forcible rape of a woman 21 years of age or more.'' That statement is obviously correct as it stands, but it is not responsive to the issue. It incorrectly assumes that there is a distinct crime of forcible rape separable from the other situations enumerated in section 261 describing the crime of ''rape.''

Under section 261 there is but one crime of rape although the condemned act may be committed under any of the various conditions specified in the several subdivisions of the section. In *People* v. *Craig*, 17 Cal.2d 453 [110 P.2d 403], it was said at page 455: ''These subdivisions merely define the circumstances under which an act of intercourse may be deemed an act of rape; they are not to be construed as creating several offenses of rape based upon that single act.'' The essential guilt of rape consists in the outrage to the person of the female. (Pen. Code, § 263.) Hence the rule was correctly

stated in *People* v. *Snyder*, 75 Cal. 323 at pages 324-325 [17 P. 208] : "We think the true construction of section 261 to be that thereby the legislature meant merely to put beyond doubt the rule that on an information for rape the things mentioned in the subdivisions could be proven, and would establish the crime. It is not intended to alter or establish a rule of pleading; or to create six different kinds of crime. Now, as before the adoption of the code, under an indictment similar to the information in this case, any of the matters mentioned in section 261 may be proved. They are included in the words 'by force and violence, and against her will,' and 'did feloniously ravish.' . . ." (See *People* v. *Craig*, *supra*, 17 Cal.2d 453; *People* v. *Jailles*, 146 Cal. 301 [79 P. 965] ; *People* v. *Vann*, 129 Cal. 118 [61 P. 776].) Guided by these consistently followed principles, our courts have held that evidence tending to show a violation of subdivision 4 where the female is prevented from resisting by threats of harm or administration of narcotics, is admissible to support an allegation and conviction under subdivision 3, where the female resists but her resistance is overcome by force or violence. (*People* v. *Snyder, supra*, 75 Cal. 323; *People* v. *Tollack*, 105 Cal.App.2d 169 [233 P.2d 121] ; *People* v. *Blankenship*, 103 Cal.App.2d 60 [228 P.2d 835] ; *People* v. *Cassandras*, 83 Cal.App.2d 272 [188 P.2d 546] ) ; and that evidence tending to show a violation of subdivision 3 is admissible to support an allegation and conviction under subdivision 2 where the female is incapable, through lunacy or other unsoundness of mind of giving legal consent. (*People* v. *Boggs*, 107 Cal.App. 492 [290 P. 618].) In *People* v. *Jailles, supra*, 146 Cal. 301, the foregoing principles were applied to the problem here involved. There it is stated that an allegation of forcible rape under subdivision 3 is sufficient to support a conviction on evidence showing a violation of section 261, subdivision 1, voluntary intercourse where the female is under the statutory age. (See also *People* v. *Vann, supra*, 129 Cal. 118.)

In the foregoing cases the allegation in the information of a specific subdivision of the code seems at most to indicate only the prosecutor's initial theory of the case. By no means is the court or jury bound to remain within the bounds of that theory as stated. For the purpose of determining questions of adequate notice and included offenses, an information charging the violation of a particular subdivision of section 261 must be deemed to charge the general crime of rape as

defined in its various circumstances stated in that section as a whole. Since in the present case the petitioner was charged with violating section 261, subdivision 3, he was subject to conviction of rape under section 261, subdivision 1, involving voluntary intercourse with female under the statutory age. (*People* v. *Jailles, supra,* 146 Cal. 301.)

When the petitioner's liability is comprehended within subdivision 1, it is clear that the majority view in the present case is directly contrary to the opinion of this court in *People* v. *Greer, supra,* 30 Cal.2d 589. In that case it was necessary to determine whether a section 702 violation was included within section 261, subdivision 1, for double jeopardy purposes. Greer had been previously convicted of violating section 702. Upon his subsequent conviction of rape under section 261, subdivision 1, this court reversed, holding that the offense stated in section 702 was an offense necessarily included within section 261, subdivision 1. In reaching that result it was stated at pages 597-598: "Statutory rape (§ 261(1)) and lewd and lascivious conduct (§ 288) are offenses against minors under 18 and 14 years of age, respectively, whereas section 702 protects minors under 21. Consequently, the age groups covered by sections 261(1) and 288 of the Penal Code are necessarily included within the age group covered by section 702 of the Welfare and Institutions Code. It is inconceivable that the acts described in sections 261(1) and 288 would not contribute to the delinquency of a minor. (See *Rodriguez* v. *Superior Court,* 27 Cal.2d 500, 502 [165 P.2d 1]; *People* v. *Tenner,* 67 Cal.App.2d 360, 366 [154 P.2d 9]; *People* v. *Krupa,* 64 Cal.App.2d 592, 601 [149 P.2d 416] at 601.) Since every violation of sections 261(1) and 288 is also a violation of section 702, the offense defined in the latter is an offense necessarily included in the offenses defined in sections 261(1) and 288. (*People* v. *Lopez,* 46 Cal.App.2d 857, 858 [117 P.2d 10].) . . . It is true that each offense is stated differently in the codes and that defendant could have contributed to the delinquency of a minor without committing statutory rape or a lewd and lascivious act. . . . Nevertheless, the converse is not true. We are holding, not that these offenses are identical, but that every violation of sections 261(1) and 288 necessarily constitutes a violation of section 702 and that therefore the offense defined in section 702 is an offense necessarily included in the offenses defined in sections 261(1) and 288." The conclusion is therefore inescapable that the

rule now announced by the majority cannot be reconciled with our holding in the Greer case.

Nor is it consequential that the victim's age in the present case appears to be 18 years and therefore beyond the age protected under section 261, subdivision 1. The actual age of the victim, as revealed by the evidence, does not control the determination of included offense problems. Under the rule stated in the Greer case, the test is whether the lesser offense, as a legal proposition, is included within the greater offense. The actual age of the victim as revealed by the evidence is not important for any purpose other than determining the sufficiency of the evidence to support the conviction under section 702, a matter not here involved. By charging forcible rape, the information implicitly but clearly incorporated the crime of rape by voluntary intercourse with a female under the statutory age and hence put the petitioner on notice that the age of his victim was an issue properly within the case.

The writ should be denied.